COURY *v.* GENERAL MOTORS CORPORATION.

1. DEATH—STATUTES—ACCRUAL OF RIGHT OF ACTION.
   Right of action conferred by the death act can accrue only when
   the death occurs (CL 1948, § 691.581).

2. SAME—STATUTES—BENEFICIARIES.
   Action accruing to the surviving beneficiaries named in the
   death act is a new right of action for them and is not for the
   benefit of the estate of the decedent (CL 1948, § 691.581).

3. SAME—LIMITATION OF ACTIONS.
   Action for wrongful death was timely brought where commenced
   within 3 years from time of death although after 3 years fol-
   lowing date of injury (CL 1948, § 691.581; CLS 1956, § 609-
   .13).

Appeal from Wayne; Culehan (Miles N.), J. Sub-
mitted June 8, 1965. (Docket No. 21, Calendar No.
50,413.) Decided October 4, 1965.

Declaration by Mayme Coury, administratrix of
the estate of T. G. Essad, deceased, against General
Motors Corporation, a foreign corporation, for the
alleged wrongful death occurring subsequent to a
fall sustained by decedent on some ice on steps owned
by defendant, which were negligently cleaned by
defendant's employees. Defendant's motion to dis-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 22 Am Jur 2d, Death § 40.
[2] 22 Am Jur 2d, Death §§ 13, 47-59.

miss granted.    Plaintiff appeals.    Reversed and remanded.

*Edward A. Khoury* and *Edward T. Kelley,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock,* for defendant.

Dethmers, J.    This is an action brought on April 11, 1962, under the wrongful death act, CL 1948, § 691.581 (Stat Ann § 27.711).[1]    The question presented is when the cause of action accrued and the statute of limitations started running against it, on the date of injury or the later date of resultant death?

Plaintiff's decedent was allegedly injured through defendant's negligence on November 28, 1958.    As a proximate result, he died on August 21, 1959.

Defendant cites CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605),[2] as the controlling statute, fixing the limitation at 3 years from the time the action accrued.    When did it accrue, on November 28, 1958, or August 21, 1959?    If the latter, the action was seasonably brought; if the former, then it was not.

This is a matter of statutory construction.    167. ALR 894 *et seq.* and 174 ALR 815 contain discussion and authorities on the subject.    They are at variance, depending, particularly, on the language of the statute involved.    We think that it may be said of them that the majority holding is that where the right of action for death is given or created by statute, then the cause of action can only accrue

---

[1] For current provisions see CLS 1961, § 600.2922 *et seq.* (Stat Ann 1962 Rev § 27A.2922 *et seq.*).—Reporter.

[2] For current provisions see CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).—Reporter.

when the death occurs. How could a right of action under the death act accrue at all if death never occurred in consequence of the injury or accrue before the occurrence of death?

In *Lincoln* v. *Detroit & M. R. Co.*, 179 Mich 189 (51 LRA [NS] 453), the action was brought under the "death act". This Court said:

"1. We summarize the following from the American authorities: The death loss act of the English statute of 1846 (St 9 & 10 Vict 93), commonly called 'Lord Campbell's act,' and the various laws of a similar kind that have been modeled after it, gave a new cause of action unknown to the common law, for the benefit of certain designated classes of surviving relatives. Such relatives do not take the cause of action for damages to the deceased by transfer to them by operation of law, or otherwise, but are enabled by the statute to recover the pecuniary loss to themselves caused by the wrongful taking off of the decedent, the continuation of whose life would have been beneficial to them. The action accrues to the surviving beneficiary mentioned in the statute by reason of the death of the injured person caused by the wrongful act of another. It is strictly not proper to say that it is a cause of action which survives; it is rather a new action given by CL 1897, §§ 10427, 10428 (5 How Stat [2d ed] §§ 13702, 13703), which can be brought, not for the benefit of the estate but solely for the benefit of the beneficiaries named in the statute. The above sections, when compared with CL 1897, § 10117 (5 How Stat [2d ed] § 12761), are made plain. They refer to entirely distinct losses recoverable in different rights. Section 10117 refers to the right of the deceased for the loss and injury occasioned to him. Sections 10427 and 10428 refer to the right of the surviving relatives as beneficiaries for the loss to them. Both are dependent on the injury. The language of one provision is that 'actions for personal injuries shall survive,' and of the other 'in case of the death of a

person by the wrongful act of another.' Section 10117 creates no new liability, but prevents the lapsing by death of an old one, while sections 10427 and 10428 create a new liability, one not known to the common law."

In *Ford* v. *Maney's Estate,* 251 Mich 461 (70 ALR 1315), the action was under the so-called survival statute. In distinguishing between the 2 acts, the Court made the observation that:

"In this State it is held that the death act created a cause of action unknown to the common law, not by way of survival of a right accruing to the deceased which before had abated at this death, but as a new and special remedy accruing to those who suffer loss by the death."

It follows that in Michigan application of the above indicated prevailing view set forth in the ALR reference requires our holding and we think we should hold that the cause of action for a wrongful death and damages resulting therefrom accrues when that death occurs.

The order of the trial court granting defendant's motion to dismiss, based on the statute of limitations, is reversed and the cause remanded for further proceedings. Costs to plaintiff.

T. M. KAVANAGH, C. J., and KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

SOURIS, J., did not sit.