KUSHMAUL v. CONSUMERS POWER COMPANY.

1. NEGLIGENCE—WRONGFUL DEATH ACT—CONTRACT—LIMITATION OF ACTIONS.

Accelerated judgment for defendant by trial court on ground that 3-year statute of limitations had run in suit by administrator to recover for wrongful death of 2-year-old boy against defendant corporations who were alleged to have negligently knocked down the right-of-way fence along the railway track where the boy was struck by train, but where the 6-year statute of limitations applicable to contract actions had not run, *held* proper, even though plaintiff claimed his decedent was a third-party beneficiary to construction contract between defendants and the railroad, and pleaded in contract (CLS 1961, §§ 600.2922, 600.5805, 600.5807).

2. LIMITATION OF ACTIONS—PERSONAL INJURIES—IMPLIED CONTRACT —TORTS.

The 3-year statute limiting the time within which an action for injuries to the person may be brought applies to all actions to recover for an injury to the person whether based upon implied contract or tort (CLS 1961, § 600.5805).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 2 May 10, 1966, at Lansing. (Docket No. 1,124.) Decided June 28, 1966.

Complaint by William D. Kushmaul, special administrator of estate of William Duane Kushmaul II, deceased, against Consumers Power Company and Frank J. Knight Company for wrongful death

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  34 Am Jur, Limitation of Actions §§ 91, 103.

of the deceased son of plaintiff.   Accelerated judgment for defendants.   Plaintiff appeals.   Affirmed.

*van Benschoten & van Benschoten,* for plaintiff.

*Stanton, Taylor, McGraw & Collison (Ralph B. Taylor,* of counsel), for defendant Frank J. Knight Company.

*Smith, Brooker, Harvey & Cook (Carl H. Smith,* of counsel) and *S. H. Redner,* for defendant Consumers Power Company.

QUINN, J.   April 22, 1959, plaintiff's 2-year-old son was struck by a train of Chesapeake & Ohio Railway Company and was instantly killed.   The accident occurred on the tracks of Chesapeake & Ohio Railway Company near plaintiff's home in Saginaw township, Saginaw county.   March 18, 1961, plaintiff commenced an action against the railway company under the wrongful death act, CL 1948, §§ 691.581 and 691.582 (Stat Ann §§ 27.711 and 27-.712).   Sometime after November 23, 1964, and in discovery proceedings in the action against the railway company, plaintiff learned that in 1958 defendant Knight Company made a contract with Chesapeake & Ohio Railway Company to install a gas main under its tracks and defendant Consumers Power Company then made a contract with Knight Company to provide the labor and materials required for such installation.   April 14, 1965, plaintiff filed the present action under the wrongful death act, CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922), claiming that in performing these contracts defendants knocked down the right-of-way fence of the railway company; that by failing to put the fence back up, defendants violated their con-

tracts; and plaintiff's son got on the tracks because the fence was down. Plaintiff claimed his decedent was a third-party beneficiary under the Chesapeake & Ohio—Knight—Consumers contracts and pleaded in contract. Defendants moved for accelerated judgment* on the basis the 3-year statute of limitations, CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A-.5805), applied and the action was barred. The trial court granted the motion and plaintiff appeals on the basis that the 3-year statute of limitations is not applicable to this case.

In view of *Coates v. Milner Hotels, Inc.* (1945), 311 Mich 233; *Baatz v. Smith* (1960), 361 Mich 68; *Coury v. General Motors Corporation* (1965), 376 Mich 248, it is the opinion of this Court that the trial court properly granted the motion for accelerated judgment.

Affirmed, with costs to appellees.

McGREGOR, P. J., and BURNS, J., concurred.

---

* GCR 1963, 116.—REPORTER.