STATE MUTUAL CYCLONE INSURANCE COMPANY
*v.* O & A ELECTRIC COOPERATIVE.

PIONEER MUTUAL INSURANCE COMPANY *v.* SAME.

1. PLEADING—ACCELERATED JUDGMENT—RESPONSIVE PLEADING.

Third-party complaint and motion for order to bring in third-party defendant *held,* not pleading responsive to complaint within meaning of rule requiring defense of statute of limitations to be raised in first responsive pleading or by motion not later than first responsive pleading (GCR 1963, 116).

2. SAME—RESPONSIVE PLEADING—ANSWER—ACCELERATED JUDGMENT.

Answer raising defense of statute of limitations, filed after motion for leave to bring in third-party defendant, and motion for accelerated judgment based on answer and noticed for hearing at pretrial conference *held,* to comply with court rule requiring defense of statute of limitations to be raised in first responsive pleading or by motion not later than first responsive pleading (GCR 1963, 116).

3. CONTRACTS—BREACH—NEGLIGENCE—ELECTION—WAIVER.

A party injured by breach of an express contract where the breach involves negligence may waive his contract action and sue in tort, or waive the tort action and sue on the contract.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 34 Am Jur, Limitation of Actions § 428 *et seq.*
[3, 4] 17 Am Jur 2d, Contracts §§ 441, 521.
    52 Am Jur, Torts § 26 *et seq.*
[5] 41 Am Jur, Pleadings § 63 *et seq.*
[6, 7] 34 Am Jur, Limitation of Actions § 103.

4. SAME—BREACH—NEGLIGENCE—ELECTION—MEASURE OF DAMAGES
—EVIDENCE.

Measure of damages and standard of proofs, required of party
injured by breach of express contract which involves negli-
gence, depend on the remedy, in tort or contract, which he
elects.

5. PLEADING—CONSTRUCTION—PLAIN WORDING.

To deprive an injured party of his election to sue in either
tort or contract by construing his pleadings as something dif-
ferent than their plain wording states is unwarranted and
unjust.

6. ACTION—FORM—APPLICABLE STATUTE OF LIMITATIONS.

An action brought to recover damages for injury to persons or
property arising out of tort or implied contract is subject
to the 3-year statute of limitations, and an action brought on
an express contract is subject to the 6-year statute of limita-
tions, even though damages are sought in such action for in-
jury to person or property (CLS 1961, §§ 600.5805, 600-
.5807).

7. LIMITATION OF ACTIONS — SUBROGATION — ELECTRICITY — CON-
TRACTS.

Order of trial court dismissing action by subrogees of customers
of electric power cooperative for damages sustained when
cattle were destroyed by high voltage surge on power line
because action was brought more than 3 years after loss, *held*,
reversible error, hence, cause is remanded for further pro-
ceedings because 6-year statute of limitations on actions in
contract applied to case (CLS 1961, §§ 600.5805, 600.5807).

Appeal from Newaygo; Van Domelen (Harold), J.
Submitted Division 3 October 7, 1966, at Grand
Rapids.   (Docket Nos. 1,816, 1,817.)   Decided
December 22, 1966.   Leave to appeal granted by
Supreme Court February 22, 1967.   See 378 Mich
751, 381 Mich 318.

Complaint by State Mutual Cyclone Insurance
Company, a Michigan corporation, as subrogee of
Charles A. and Ruth M. Baker, against O & A
Electric Cooperative, a nonprofit Michigan corpora-
tion, for value of cattle destroyed by electricity
supplied by defendant. (No. 1,816.)   Similar com-

plaint by Pioneer Mutual Insurance Company, a Michigan corporation, subrogee of Albert A. Zimmerman, Mary Lou Zimmerman and Eldon Zimmerman, against same defendant. (No. 1,817.) Wolverine Electric Cooperative, a Michigan corporation, made third-party defendant on third-party complaint by defendant. Accelerated judgment for defendant against plaintiff. Plaintiff appeals. Reversed and remanded for further proceedings.

*Riseman, Lemke & Piotrowski,* for plaintiff in each case.

*Allaben, Massie, Vander Weyden & Timmer,* for defendant in each case.

*Hillman, Baxter & Hammond,* for third-party defendant in each case.

T. G. Kavanagh, J. Plaintiffs' subrogors were members and customers of the defendant, O & A Electric Cooperative. On May 10, 1961, because of a high voltage surge of electric energy supplied by defendant, cattle in their barns were destroyed. Plaintiffs paid their subrogors for their respective losses and instituted these actions on July 15, 1964.

The complaints filed alleged the existence of a contract between plaintiffs' subrogors and the defendants, a breach thereof, damages sustained by reason of such breach, date of assignment of claim and prayer for judgment.

On July 24, 1964, defendant entered its appearance. On September 10, 1964, defendant filed a motion for leave to file a third-party complaint and it was granted. On September 17, 1964, defendant answered the complaint raising the affirmative defense of the statute of limitations and also filed the third-party complaint against the Wolverine

Electric Cooperative setting forth a written contract between defendant and Wolverine, a breach thereof, resulting damage, and prayer for judgment.

After third-party defendant answered, the defendant, in November, 1965, filed a motion for accelerated judgment stating the claims of plaintiffs were barred by the statute of limitations. By agreement of the parties the cases were consolidated for trial.

The court entered an order on February 14, 1966, granting dismissal and defendant's motion for accelerated judgment.

Plaintiffs appeal asserting the trial court erred in two respects:

1. It granted the motion to dismiss and the motion for accelerated judgment although the defendant did not raise the defense of the statute of limitations in its first responsive pleading as required by GCR 1963, 116; and

2. It applied the 3-year statute of limitations instead of the 6-year statute to a suit upon contract.

The first section of GCR 1963, 116 provides that a party may raise the defense that the claim is barred by the statute of limitations in its first responsive pleading or by motion filed not later than the first responsive pleading. Subrule 116.3 provides that any defense raised, whether in a responsive pleading or by motion, may be noticed for hearing as if raised by motion.

The appellants assert here that the first responsive pleading of the defendant was its motion for order and its third-party complaint. We do not view such as pleadings responsive to the complaint. We regard the answer as defendant's first responsive pleading and since this set out the defense of the statute, the notice for its consideration at the pre-trial by motion to that effect was proper and in full

compliance with the court rule. We find no error in this regard.

The assertion of error with regard to the application of the statute of limitations raises a complex and difficult question. The two statutes of limitations are set forth in their entirety:

CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A-.5805) reads as follows:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations is 2 years for actions charging assault, battery, and false imprisonment.

"(2) The period of limitations is 2 years for actions charging malicious prosecution.

"(3) The period of limitations is 2 years for actions charging malpractice.

"(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies.

"(5) The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on his negligence or misconduct as constable.

"(6) The period of limitations is 1 year for actions charging libel or slander.

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

CLS 1961, § 600.5807 (Stat Ann 1962 Rev § 27A-.5807) reads as follows:

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract

unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1)  The period of limitations on actions charging any surety on any bond of any executor, administrator, [or] guardian is 4 years after the discharge of the executor, administrator or guardian.

"(2)  The period of limitations is 10 years for actions founded upon bonds of public officers.

"(3)  The period of limitations on actions founded upon bonds executed under sections 41.80 and 41.81 of the Compiled Laws of 1948, is 2 years after the expiration of the year for which the constable was elected.

"(4)  The period of limitations is 10 years for actions founded upon covenants in deeds and mortgages of real estate.

"(5)  The period of limitations is 2 years for actions charging any surety for costs.

"(6)  The period of limitations is 2 years for actions brought on bonds or recognizances given on appeal from any court in this state.

"(7)  The period of limitations is 10 years for actions on bonds, notes, or other like instruments which are the direct or indirect obligation of, or were issued by although not the obligation of, the state of Michigan or any county, city, village, township, school district, special assessment district, or other public or quasi-public corporation in the state of Michigan.

"(8)  The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

From a reading of these statutes we are convinced that the first was intended to apply to tort actions and the second to apply to contract actions.

In the case of *Coates* v. *Milner Hotels, Inc.* (1945), 311 Mich 233, which involved a claim against a hotel on breach of an implied contract to protect its guests

and permit the quiet enjoyment of the guests' lodg-
ing, the court held that the 3-year statute applied.
It explained its decision in these words at p 239:

"An examination of these authorities indicates the
better rule to be that actions for personal injuries,
resulting from negligence although arising out of
a breach of implied contract, are controlled by the
statutory limitation of actions upon damages for
injuries to the person, which in this State is three
years from the time such actions accrue, and not
afterwards."

This position was re-examined in the case of
*Baatz* v. *Smith* (1960) 361 Mich 68, wherein *Coates*
was specifically reaffirmed by a majority of the court.

In the *Baatz Case* suit was brought in assumpsit
but no express contract was asserted. The court
pointed out that plaintiff was asserting that the
3-year limitation applied only to actions sounding in
tort and not to those brought in assumpsit even
though based on tortious acts which were also
claimed to be a breach of contract.

It is well established that a party injured by the
breach of an express contract when the breach in-
volves negligence may waive his contract action
and sue in tort or waive the tort and sue on the
contract. The election is up to the injured party.
His measure of damages and standard of proof
depends upon the remedy he elects.

To deprive an injured party of his right to this
election by construing his pleadings as something
different from their plain wording is unwarranted
and unjust and in this instance serves only to vitiate
the statute applicable to contract actions.

Had this suit been brought within 3 years of the
occurrence, it would certainly have been treated as
a contract action and the plaintiff would be limited

to the measure of damages and standard of proof appropriate to such an action.

We do not regard the *Baatz Case,* which indicates a contrary position, to be controlling here since *Baatz* did not involve an express contract.

We perceive the rule to be that where an action is brought to recover damages for injury to person or property on a claim arising out of a tort or an implied contract the 3-year statute applies. If an action is brought on an express contract the 6-year statute applies, even though damages are sought for injuries to person or property.

For these reasons we conclude that the 6-year statute is applicable here and this cause should not have been dismissed. Accordingly the trial court is reversed and this matter remanded for further proceedings in accordance herewith.

BURNS, P. J., and FITZGERALD, J., concurred.