## MICHIGAN MUTUAL LIABILITY COMPANY
### *v.* LEO ADLER, INC.

1. STATUTES — CONSTRUCTION — REVISED JUDICATURE ACT — COMMON PLEAS COURT ACT.

    Before any provision of the revised judicature act can be construed to alter or amend a provision of the common pleas court act, the provision altered or amended must be found in the common pleas court act (PA 1929, No 260; PA 1961, No 236).

2. LIMITATION OF ACTIONS—REVISED JUDICATURE ACT—COMMON PLEAS COURT ACT.

    The common pleas court act does not contain any provision for limitation of actions, and therefore the revised judicature act limitation of actions provisions may be applied to actions in common pleas court, despite the provision in the revised judicature act that nothing in it shall be construed to alter or amend the provisions of the common pleas court act (PA 1929, No 260; CLS 1961, §§ 600.103, 600.5856).

3. SAME—SERVICE OF PROCESS—TOLLING OF LIMITATIONS.

    Ninety-day limitation of the tolling provisions of the statute of limitations in revised judicature act *held*, to apply to actions in the common pleas court (CLS 1961, § 600.5856[3]).

4. SAME—INJURIES TO PERSON OR PROPERTY.

    The 3-year statute of limitations on actions to recover damages for injuries to person or property applies whether the claim arises out of tort or out of implied contract, absent an expressed contract (CLS 1961, § 600.5805).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  50 Am Jur, Statutes § 217 *et seq.*
[2]  34 Am Jur, Limitation of Actions § 47 *et seq.*
[3]  34 Am Jur, Limitation of Actions § 247 *et seq.*
[4, 5]  34 Am Jur, Limitation of Actions § 160 *et seq.*

5. SAME—PROPERTY DAMAGE—COMMON PLEAS COURT—ALIAS SUM-
MONS.

    Denial of motion to dismiss action by insurance subrogee of
owner of automobile where damages to automobile were incurred
when it was stolen from defendant garage keeper while left
with defendant for repairs *held*, error, where the action was
not started until 1 day less than 3 years after the damage,
and service of process was not had on defendant until about
3-1/2 years after the damage, by sixth alias summons issued
by common pleas court (CLS 1961, §§ 600.103, 600.5805, 600-
.5856[3]).

Appeal from Common Pleas Court of Detroit;
Pernick (Joseph J.), J. Submitted Division 1 Jan-
uary 8, 1968, at Detroit. (Docket No. 3,150.) De-
cided March 26, 1968.

Declaration by Michigan Mutual Liability Com-
pany, a Michigan corporation, against Leo Adler,
Inc., a Michigan corporation, to recover damages
for injuries to a motor vehicle of its insured, Pro-
duction Steel Company, a Michigan corporation.
Defendant's motion to dismiss denied. Defendant
appeals. Reversed and remanded for entry of an
order granting motion to dismiss.

*Sugar, Schwartz & Silver* (*Lawrence Warren*, of
counsel), for defendant.

QUINN, P. J. Defendant moved to dismiss plain-
tiff's action in common pleas court of Detroit for
the reason the plaintiff's claim was barred by the
statute of limitations.[1] From denial of that motion
and denials of a motion for rehearing and a motion
for reconsideration of the motion for rehearing, in
May 1966, defendant sought leave to appeal to cir-
cuit court. It appeals to this Court from denial of

—————
[1] PA 1961, No 236, § 5805, CLS 1961, § 600.5805 (Stat Ann 1962
Rev § 27A.5805).

leave to appeal to the circuit court. The issue presented is the application of the statute of limitations to plaintiff's claim.

March 5, 1961, plaintiff's subrogor left its automobile with defendant for repair. The automobile was stolen from defendant and returned to plaintiff's subrogor March 6, 1961, in a damaged condition. Pursuant to a policy of insurance issued by plaintiff to its subrogor, the former caused the automobile to be repaired, took a subrogation receipt May 2, 1961, and filed this action March 5, 1964. Service of complaint and summons on defendant was not had until October 19, 1965, the summons being the sixth alias summons issued.[2]

The trial court held that PA 1961, No 236, § 103 (CLS 1961, § 600.103, Stat Ann 1962 Rev § 27A.103) precluded application of the 90-day limitation of the tolling provisions of the statute of limitations found in PA 1961, No 236, § 5856(3) (CLS 1961, § 600.5856[3], Stat Ann 1962 Rev § 27A.5856[3]), to common pleas court and that the statute of limitations had not run. PA 1961, No 236, § 103, *supra,* reads as follows:

"Nothing in this act shall be construed to alter or amend the provisions of Act No 260 of the Public Acts of 1929, as amended, being sections 728.1 to 728.30 of the Compiled Laws of 1948."

Act No 260, therein referred to, is the common pleas court act, and it should be obvious that before any provision of the revised judicature act can be construed to alter or amend the provisions of Act No 260, the provision allegedly so altered or amended must be found in Act No 260. It is barren of any provision for limitation of actions, and therefore

---

[2] CLS 1961, § 728.13 (Stat Ann 1962 Rev § 27.3663) and Rule 7, § 4, Rules of the Common Pleas Court of Detroit.

PA 1961, No 236, *supra,* does not preclude the application of the 90-day tolling limitation found in PA 1961, No 236, § 5856, *supra,* to actions in common pleas court. In addition, on the facts before us, no tolling question is presented. *DiGiovanni* v. *Yacenick* (1968), 9 Mich App 590.

The remaining question is whether the 3-year (PA 1961, No 236, § 5805, *supra*) or the 6-year (PA 1961, No 236, § 5807) statute of limitation applies. In interpreting *Baatz* v. *Smith* (1960), 361 Mich 68, this Court in *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1966), 5 Mich App 452, 459 stated the correct rule that absent an express contract, in actions to recover damages for injuries to person or property the 3-year statute applies whether the claim arises out of tort or implied contract. There is no express contract involved in the present action.

Reversed, with costs in all courts to defendant. Remanded to common pleas court for entry of an order granting defendant's motion to dismiss.

J. H. Gillis and Holbrook, JJ., concurred.