RHULE *v.* ARMSTRONG

1. DEATH—WRONGFUL DEATH—ACCELERATED JUDGMENT.
   Accelerated judgment for defendant was properly granted where a wrongful death action was filed 39 months after death occurred (GCR 1963, 116.1[5]).

2. LIMITATION OF ACTIONS—DEATH—WRONGFUL DEATH.
   A three-year statute of limitations applies to wrongful death actions (MCLA § 600.5805).

3. DEATH—WRONGFUL DEATH—ACTION.
   An action for wrongful death does not survive by law; it is created by law (CLS 1961, § 600.2922).

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 December 4, 1969, at Grand Rapids. (Docket No. 6,943.) Decided December 8, 1969. Leave to appeal granted July 1, 1970. See 383 Mich 800.

Complaint by Ozila Rhule, administratrix of the estate of Dorothy G. Stewart, deceased, against Carl A. Armstrong for wrongful death. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Cook, Nash, Deibel & Borrello,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Death § 37.
[2] 22 Am Jur 2d, Death § 38.
[3] 22 Am Jur 2d, Death § 10.
Survivial of action or cause of action for wrongful death against representative of wrongdoer. 61 ALR 830, 171 ALR 1392.

Before: J. H. Gillis, P. J., and McGregor and Quinn, JJ.

Per Curiam. April 17, 1965, plaintiff's decedent fell down a flight of stairs in defendant's place of business and died the next day from the injuries received. July 16, 1968, an administrator of decedent's estate was appointed and by order of the same date, the administrator was authorized to bring this wrongful death action pursuant to CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).

July 22, 1968, the action was filed. August 9, 1968, defendant moved for accelerated judgment, GCR 1963, 116.1(5), contending the action was barred by the statute of limitations. After oral argument, briefs were filed, and on January 28, 1969, defendant's motion was granted and judgment entered for defendant.

On appeal, plaintiff contends the three-year statute of limitations does not apply, and, if it does, it is extended for two years by MCLA § 600.5852 (Stat Ann 1962 Rev § 27A.5852).

MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805), the three-year statute of limitations, applies to wrongful death actions. *Coury* v. *General Motors Corporation* (1965), 376 Mich 248; *Kushmaul* v. *Consumers Power Company* (1966), 3 Mich App 626.

MCLA § 600.5852 applies to an action which *survives by law*. An action for wrongful death does not survive by law, it is created by law. *Coury, supra.*

Affirmed with costs to defendant.