RACH v WISE

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—STATUTES—APPLICABILITY.

The general rule when choosing which of several statutes of limitations is applicable to a particular case is that the nature of damages sought, rather than the form of the action plaintiff has proceeded under, is determinative.

2. LIMITATION OF ACTIONS—STATUTES—PERSONAL INJURIES—THREE-YEAR RULE.

An action brought by plaintiffs under a breach of contract theory to recover damages for personal injuries resulting from a vasectomy was subject to the three-year statute of limitations because when a plaintiff seeks recovery for injury to person or property the three-year rule applies irrespective of how plaintiff proceeded to seek such recovery (MCLA 600.5805).

DISSENT BY T. M. BURNS, J.

3. LIMITATION OF ACTIONS—STATUTES—APPLICABILITY.

*To determine which statute of limitation applied to an action brought by plaintiffs under a breach of contract theory to recover damages for personal injuries resulting from a vasectomy, it should have been left to the jury to determine whether there was a contract and a breach, and the trial court therefore erred in granting an accelerated judgment to defendant by applying the three-year statute of limitations (MCLA 600.5805, 600.5807).*

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 March 6, 1973, at Grand Rapids. (Docket No. 15019.) Decided April 26, 1973. Leave to appeal denied, 390 Mich 778.

Complaint by Rudolph A. Rach, Jr., and Lois K.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 51 Am Jur 2d, Limitation of Actions § 82.
[2] 51 Am Jur 2d, Limitation of Actions § 1.

Rach against Warren A. Wise for damages for breach of contract. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed.

*Joseph D. Anderson (Charles J. LaSata,* of counsel), for plaintiffs.

*Ryan, McQuillan, Vander Ploeg & Fette,* for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

R. B. BURNS, P. J. In a complaint entitled "Complaint for Damages for Breach of Contract" plaintiffs alleged that in August, 1965, Rudolph A. Rach (hereinafter Rach) entered into an agreement with Warren A. Wise, M. D., defendant, by the terms of which agreement defendant was to perform a vasectomy on the person of Rach and render necessary post-operative care; that defendant represented to Rach that a vasectomy is simple surgery, involving no danger of complications, and that Rach would be able to resume his occupation and family life within 48 hours following surgery; that defendant agreed to perform the vasectomy in a professional manner as a specialist in surgery; that defendant did not perform the vasectomy in a professional manner and that as a result thereof Rach's left testicle was permanently injured and eventually atrophied; that as a result of the injury to his left testicle Rach was subjected to intense pain and suffering for four months, was confined to his home and unable to return to work for six weeks, is required to receive periodic injections of hormones to replace the hormones normally produced by the left testicle, is permanently partially

---

* Circuit judge, sitting on the Court of Appeals by assignment.

incapacitated in the performance of normal conjugal relations with his wife, plaintiff Lois K. Rach, and will continue to suffer periodic pain and continuous mental anguish; and that said injury and damages have a monetary value of $85,000.

Defendant moved for an accelerated judgment on the ground that the statute of limitations had expired.

The trial judged granted the motion, holding the three-year statute was applicable.

The statutes involved are as follow:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(3) The period of limitations is 2 years for actions charging malpractice.

\* \* \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property." MCLA 600.5805; MSA 27A.5805.

"No person may bring or maintain any action to recover damages or sums due for breach of contract, \* \* \* unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract." MCLA 600.5807; MSA 27A.5807.

The general rule when choosing which of several statutes of limitations is applicable to a particular case is that the nature of damages sought, rather

than the form of the action plaintiff has proceeded under, is determinative.

In both *Coates v Milner Hotels, Inc,* 311 Mich 233 (1945), and *Baatz v Smith,* 361 Mich 68 (1960), the plaintiff sued under the theories of negligence and an implied contract for personal injuries. The Court held that the three-year statute for damages for personal injuries applied.

In *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 5 Mich App 452 (1966), *rev'd,* 381 Mich 318 (1968), plaintiffs' subrogee had cattle destroyed in the barn as a result of a high voltage surge of electricity supplied by the defendant. Plaintiffs sued for damages caused by the defendant's breach of an express contract. The trial court applied the three-year statute of limitations.

The Court of Appeals, in an opinion written by T. G. KAVANAGH, concurred in by the writer of this opinion, said:

"We perceive the rule to be that where an action is brought to recover damages for injury to person or property on a claim arising out of a tort or an implied contract the 3-year statute applies. If an action is brought on an express contract the 6-year statute applies, even though damages are sought for injuries to person or property." 5 Mich App 452, 459.

The Supreme Court, with Justice KELLY writing the opinion (although a dissent was written by Justice ADAMS, concurred in by Justice T. M. KAVANAGH and O'HARA), stated:

"When this Court decided *Baatz,* we stated that if a plaintiff seeks recovery for damages for injury to person or property the 3-year rule applies irrespective of how plaintiff proceeded to seek such recovery, * * * .

\* \* \*

"Therefore, we find that the trial court properly

applied the 3-year rule, and reverse the Court of Appeals." 381 Mich 318, 324, 325.

Affirmed. Costs to defendant.

Pᴇᴛᴇʀsᴏɴ, J., concurred.

T. M. Bᴜʀɴs, J. *(dissenting).* It is my opinion that the trial court erred in granting an accelerated judgment.

In order to properly determine which statute of limitations applies, it should have been left to the jury to determine whether there was a contract and a breach thereof.

Therefore, I vote to reverse and remand for a trial on the merits.