STONEMAN v COLLIER

Docket No. 78-3603. Submitted October 9, 1979, at Detroit.—Decided December 6, 1979.

On October 16, 1973, Donna S. Ollie died from carbon monoxide asphyxia while a passenger in a 1965 Pontiac automobile owned and operated by Robert M. Collier, since deceased. Martin Stoneman, as administrator of the estate of Donna S. Ollie, brought an action against the automobile no-fault insurance carrier of Robert M. Collier. During the course of the action, the attorney for the estate of Robert M. Collier refused to turn over to Stoneman certain information pertaining to the insurance company's investigation claiming that the documents were the work product of the insurance company. Subsequently, Stoneman and decedent Ollie's next of kin brought a wrongful death action in Oakland Circuit Court against Collier's estate and seven other defendants. The plaintiffs attempted to add General Motors Corporation as a defendant to the wrongful death action by filing an amended complaint alleging that Ollie's death was caused by General Motors' breach of implied warranty and negligence in certain designs that allowed carbon monoxide intrusion and claiming that the fraudulent concealment act operated to toll the running of the statute of limitation and, in the alternative, that the limitation period did not begin to run until the discovery of the existence of a possible cause of action rather than upon the time of death. Initially the circuit court ruled that the limitations period was not extended by operation of the fraudulent concealment act, but that the limitations period did not begin to operate until discovery of a possible cause of action against General Motors. On rehearing, the circuit court ruled that the "discovery rule" was not applicable to products liability cases

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 146 *et seq.*

Effect of fraud to toll the period for bringing action prescribed in statute creating right of action. 15 ALR2d 500.

Fraud misrepresentation, or deception as estopping reliance on statute of limitations. 43 ALR3d 429.

[2] 51 Am Jur 2d, Limitation of Actions § 107.

resulting in wrongful death and granted accelerated judgment in favor of General Motors, Stephen N. Andrews, J. Plaintiffs appeal. *Held:*

1. The fraudulent concealment act does not operate against persons who do not participate in the concealment. The concealment of information by the attorney for the Collier estate did not extend the statute of limitations as to General Motors, who did not participate in the concealment.

2. Plaintiffs were aware from the outset that Donna S. Ollie died of carbon monoxide poisoning while in a General Motors automobile. *An action against General Motors could have proceeded accordingly.* The fact that plaintiffs did not realize that a cause of action existed against General Motors until after the statute of limitations for the action had run did not operate to extend the limitations period.

Affirmed.

1. LIMITATION OF ACTIONS — FRAUDULENT CONCEALMENT ACT — STATUTES.

The fraudulent concealment act extends the statute of limitations against those who fraudulently conceal causes of action; however, the fraudulent concealment act does not operate against persons who do not participate in the concealment (MCL 600.5855; MSA 27A.5855).

2. NEGLIGENCE — ACCRUAL OF CAUSE OF ACTION — LIMITATION OF ACTIONS.

A cause of action sounding in negligence accrues on the date of the injury and is not held in abeyance indefinitely until a prospective plaintiff obtains professional assistance to determine the existence of a possible cause of action; it is not necessary that a party should know the details of the evidence by which to establish his cause of action, it is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim within the period of limitations.

*Raymond, Rupp & Weinburg, P.C.* (by *David S. Keast),* and *Sandor M. Gelman,* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *J. Thomas Lenga* and *Joseph C. Basta) (Otis M. Smith,* General Counsel, by *Patricia Harris,* of

counsel), for defendant General Motors Corporation.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and MacKENZIE, JJ.

V. J. BRENNAN, J. Plaintiffs appeal of right from an amended order granting accelerated judgment in favor of defendant General Motors Corporation, entered on July 5, 1978, by Oakland County Circuit Judge Stephen N. Andrews, acting for and on behalf of Oakland County Circuit Judge William J. Beer. The amended order expressly stated that it was entered as a final judgment of the matters involving General Motors Corporation and that there was no just reason for delay, thereby complying with GCR 1963, 518.2 and enabling plaintiffs to take an immediate appeal.

On October 19, 1973, Donna Sue Ollie died from carbon monoxide asphyxia while a passenger in a 1965 Pontiac automobile owned and operated by the late Robert M. Collier, and manufactured by General Motors. On or about April 2, 1975, Martin Stoneman was appointed administrator of the estate of the deceased Ollie and shortly thereafter commenced an action in Oakland County Circuit Court against the automobile no-fault insurance carrier of Robert M. Collier. At this time the attorney for the estate of Robert M. Collier was cooperating with plaintiffs in the investigation of the death.

Plaintiffs allege that the attorney had access to certain insurance company investigations on the cause of death as well as photographs of the automobile (the automobile was disposed of prior to Stoneman's appointment as administrator) and that Stoneman requested that the attorney turn over the information, but he refused claiming that

the documents were the work product of the insurance company.

Plaintiffs allege that the only claim that they were aware of was against the company that installed the muffler and exhaust system shortly prior to decedent Ollie's death.

Plaintiffs claim here that the attorney for Collier's estate fraudulently concealed information that would disclose the liability of General Motors in a products liability suit. This information was not turned over to plaintiffs until after the three-year statute of limitations had run.

Plaintiffs attempted to add General Motors as a party defendant in the wrongful death action filed against Collier's estate and seven other defendants, citing the fraudulent concealment act, MCL 600.5855; MSA 27A.5855. In the alternative, plaintiffs claimed that the statute did not begin to run until discovery of the existence of a possible cause of action (the discovery rule) rather than upon the time of death. On September 12, 1977, plaintiffs filed their first amended complaint alleging that decedent Ollie's death was caused by General Motors' breach of implied warranty and negligence in certain designs that allowed carbon monoxide intrusion.

The lower court originally ruled that the statute of limitations was not extended by operation of MCL 600.5855 but that the statute did not begin to run until discovery of the existence of a possible cause of action against General Motors. On rehearing, the lower court reversed its position and ruled that the "discovery rule" was not applicable to products liability cases resulting in wrongful death. The lower court relied on *Szlinis v Moulded Fiber Glass Companies, Inc,* 80 Mich App 55; 263 NW2d 282 (1977) *lv granted* 402 Mich 925 (1978).

The question raised on appeal is whether the actions of concealment by a third party operate to extend the statute of limitations against a party who has not participated in any concealment.

This precise issue was discussed in *International Union United Automobile Workers of America, AFL v Wood,* 337 Mich 8, 14; 59 NW2d 60 (1953), where the Supreme Court stated: "concealment by one other than the one sought to be charged is not within the prohibition of the statute. See *Stevenson v Robinson,* 39 Mich 160."

The plaintiffs, aware of *Wood,* argue that the statute was amended since that case to operate where third parties engage in the concealment. The statute in 1953 read as follows:

"If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter." 1915 PA 314, ch 9, § 20.

In 1954 the statute was amended to read as follows:

"If any person, who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action, or conceal the identity of any party thereto, from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter." 1954 PA 49.

As can be readily ascertained the 1954 amendment added the concealment of the identity of a party to the action as a ground for tolling the statute. See *Vega v Briggs Manufacturing Co,* 341 Mich 218, 222; 67 NW2d 81 (1954).

There is no showing that the amendment in any way changed the previously established rule that concealment by one other than the one sought to be charged is not within the prohibition of the statute.

The purpose of the statute of limitations is to prevent the bringing of stale claims which are difficult to prove and defend against. The fraudulent concealment act extends the statute of limitations against those who fraudulently conceal causes of action. The fraudulent concealment act punishes concealment. It would be inequitable in the present case to punish General Motors for acts of concealment engaged in by a third party.

The lower court properly ruled that the fraudulent concealment act does not operate against persons who do not participate in the concealment.

Plaintiffs next argue that the wrongful death action did not accrue until the possibility of General Motors' liability was discovered. We disagree.

In *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), the Court held that the statute of limitations for medical malpractice did not begin to run until the plaintiff discovered or should have discovered the existence of the claim. However, medical malpractice claims present special problems since it is sometimes difficult to distinguish the injury from symptoms of the condition for which treatment was sought.

Here the factors which may obstruct a patient's awareness of a malpractice claim are not present. From the outset plaintiffs were aware that dece-

dent Ollie died of carbon monoxide poisoning in a General Motors automobile, and could have proceeded against General Motors accordingly.

As set forth in *Sedlak v Ford Motor Co,* 64 Mich App 61, 63; 235 NW2d 63 (1975):

"It would be an extremely dangerous rule of law that the accrual date of a cause of action is held in abeyance indefinitely until a prospective plaintiff obtains professional assistance to determine the existence of a possible cause of action. Under such a theory, no limitations period would ever be binding.

"The Supreme Court summed this all up as follows:

" 'It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim.' *Kroll v Vanden Berg,* 336 Mich 306, 311; 57 NW2d 897 (1953)."

Affirmed. Costs to be paid by plaintiffs-appellants.