REITERMAN v WESTINGHOUSE, INC

Docket No. 45897. Submitted February 19, 1980, at Detroit.—Decided June 3, 1981.

Linda Reiterman, as administratrix of the estate of Thomas A. Reiterman, deceased, brought an action against Westinghouse, Inc., for wrongful death resulting from a breach of warranty in the manufacture of a product component. Plaintiff subsequently amended her complaint to add the J. L. Hudson Company as a defendant as seller of the product. Later, plaintiff again amended her complaint to add the General Electric Company as a defendant as the manufacturer of a component of the product. General Electric moved for summary and/or accelerated judgment on the basis that the period of limitation for wrongful death actions had run. Oakland Circuit Court, Frederick C. Ziem, J., denied the motion. General Electric was granted leave to appeal. Following a hearing, the Court of Appeals affirmed the trial court's ruling in an unpublished per curiam opinion. *Reiterman v Westinghouse, Inc* (Docket No. 45897, decided June 20, 1980 [unreported]). General Electric subsequently petitioned for rehearing, which petition was granted. *Held:*

    The wrongful death of plaintiff's decedent established the nature of the damages sought. The cause of action thus accrued on the date of death. At that time plaintiff knew that the product was defective, and it was incumbent upon her to discover within the period of limitation for wrongful death

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Death §§ 35, 36, 38.

[2, 3] 63 Am Jur 2d, Products Liability §§ 221, 222.

    Running of statute of limitations on products liability claim against manufacturer as affected by plaintiff's lack of knowledge of defect allegedly causing personal injury or disease. 91 ALR3d 991.

    When cause of action arises on action against manufacturer or seller of product causing injury or death. 4 ALR3d 821.

[3] 22 Am Jur 2d, Death §§ 40-46.

[4, 5, 7] 51 Am Jur 2d, Limitation of Actions §§ 107, 108, 135.

[5] 63 Am Jur 2d, Products Liability §§ 15, 221-223.

[6] 51 Am Jur 2d, Limitation of Actions §§ 61, 62.

[7] 63 Am Jur 2d, Products Liability § 222.

actions the identity of possible defendants and to bring any actions against them. The period of limitation was not tolled pending such discovery. Defendant General Electric was added by amended complaint after the period of limitation had run. The prior order of the Court of Appeals is vacated and the case is remanded for entry of accelerated judgment for General Electric.

Vacated, reversed, and remanded.

T. M. BURNS, J., dissented. He would hold that plaintiff properly pleaded a cause of action for breach of warranty notwithstanding that the action was brought under the wrongful death act. Thus her claim against General Electric did not begin to run until she discovered that it was the manufacturer of the component of the product. He would affirm the denial of General Electric's motion for summary/accelerated judgment.

## OPINION OF THE COURT

1. LIMITATION OF ACTIONS — WRONGFUL DEATH — STATUTES.

The period of limitation of actions for wrongful death is three years from the death of the decedent (MCL 600.5805[8]; MSA 27A.5805[8]).

2. PRODUCTS LIABILITY — ACTIONS — WARRANTIES OF QUALITY OR FITNESS — STATUTES.

A claim for damages based on a breach of a warranty of quality or fitness accrues at the time the breach is discovered or reasonably should be discovered (MCL 600.5833; MSA 27A.5833).

3. PRODUCTS LIABILITY — ACCRUAL OF CLAIMS — WRONGFUL DEATH.

The rule that claims in products liability cases accrue when a plaintiff discovers or reasonably should have discovered a breach of warranty does not apply to actions for wrongful death.

4. LIMITATION OF ACTIONS — TORTS — ACCRUAL OF CLAIMS — TOLLING OF PERIOD OF LIMITATION.

The periods of limitation of actions to recover damages for injuries to persons or property are not tolled pending discovery of the identity of an alleged tortfeasor where all other elements of a cause of action exist; it is not necessary that a plaintiff know the details of the evidence to establish his cause of action, it is enough that he knows that the cause exists, and thereafter it is his own fault where he does not avail himself of those means provided by law to prosecute or preserve the claim; it is

not necessary to hold the action in abeyance until the prospective plaintiff obtains professional help to determine the existence of a possible cause of action.

5. LIMITATION OF ACTIONS — PRODUCTS LIABILITY — WRONGFUL DEATH — ACCRUAL OF CLAIMS.

The fact that a product may have been defective is manifested as a matter of law where the product is the instrumentality of death; thus, the period for limitation of actions begins to run on the date of death, and it is then incumbent on the decedent's survivors to investigate the product to determine liability.

6. LIMITATION OF ACTIONS — NATURE OF DAMAGES — FORMS OF ACTIONS.

The nature of damage sought in an action rather than the form of action under which a plaintiff has proceeded is determinative of which of several periods for limitation of actions is applicable.

DISSENT BY T. M. BURNS, J.

7. LIMITATION OF ACTIONS — PRODUCTS LIABILITY — WRONGFUL DEATH — STATUTES.

*A properly pleaded cause of action for breach of warranty of quality or fitness accrues at the time the breach was discovered or reasonably should have been discovered, even though the product was an instrumentality of death and the action is brought under the wrongful death act, and the period in which to bring the action should not be limited by the statutory provisions for limitation of wrongful death actions (MCL 600.5805[8], 600.5833; MSA 27A.5805[8], 27A.5833).*

*Bushnell, Gage, Doctoroff, Reizen & Byington* (by *David D. Kohl),* for plaintiff.

*Buchanan, Ogne & Jinks, P.C.,* for defendant Westinghouse, Inc.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *B. I. Stanczyk, John P. Jacobs, Christine D. Oldani,* and *Raymond W. Morganti),* for defendant General Electric Company.

Before: Bashara, P.J., and D. F. Walsh and
T. M. Burns, JJ.

Bashara, P.J. Defendant General Electric Com-
pany (G.E.) filed a hybrid motion for summary/
accelerated judgment asserting that plaintiff had
failed to commence an action against it within the
three-year statutory limitation for wrongful death
actions. The trial court denied the motion, and
G.E. was granted leave to appeal. On June 20,
1980, this panel affirmed the trial court's ruling in
an unpublished per curiam opinion, Docket No.
45897. The cause is again before us by way of our
August 26, 1980, order granting G.E.'s petition for
rehearing.

On June 22, 1975, plaintiff's decedent received
an electrical shock when he attempted to plug a
Westinghouse electric clothes dryer into an electri-
cal outlet. On September 24, 1975, he died as a
result of injuries sustained in the accident.

Plaintiff filed the instant wrongful death action
on May 2, 1977, against Westinghouse. On Janu-
ary 25, 1978, plaintiff filed her first amended com-
plaint against Westinghouse, alleging a breach of
warranty in the manufacture of the electrical cord
on the clothes dryer. Plaintiff filed a second
amended complaint, again alleging a breach of
warranty, against the J. L. Hudson Co., the seller
of the clothes dryer, on August 27, 1978.

In October, 1978, plaintiff discovered that the
electrical motor in the clothes dryer was also
defective. This motor had been manufactured by
the General Electric Company. On November 14,
1978, plaintiff filed her third amended complaint,
adding General Electric as a defendant and alleg-
ing a breach of warranty with respect to the
manufacturer of the motor.

It is well established that the statute of limita-

tions in a wrongful death action is three years from the decedent's death. MCL 600.5805(7); MSA 27A.5805(7),[1] *Ruhle v Armstrong,* 20 Mich App 573; 174 NW2d 292 (1969), *aff'd* 384 Mich 709; 187 NW2d 223 (1971), *Coury v General Motors Corp,* 376 Mich 248; 137 NW2d 134 (1965).

Plaintiff asserts, however, that since her claim alleges breach of warranty the accrual date established in MCL 600.5833; MSA 27A.5833 is controlling. It states:

"In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered."

Plaintiff therefore argues that the claim did not accrue until October, 1978, when she learned of the alleged breach of warranty by G.E. through the discovery process.

The case most germane to the issue at bar is *Stoneman v Collier,* 94 Mich App 187; 288 NW2d 405 (1979). Plaintiffs' decedent in *Stoneman* had died as the result of carbon monoxide asphyxia while operating a General Motors Corporation vehicle. A timely action was commenced against the manufacturer and installer of the exhaust system. Over three years after the death, plaintiffs attempted to add General Motors as a party defendant. Plaintiffs claimed that the statute of limitations did not begin to run until discovery of the existence of a possible cause of action. The trial

---

[1] Section 5805(7) was the residual statute of limitations statute for tort actions for which no specific statute is established at the time this action was brought. By judicial construction, it had been held applicable to wrongful death actions. *Ruhle, supra.* Effective December 13, 1978, § 5805(8) was added to specifically establish a three-year limitation for commencement of wrongful death actions. 1978 PA 495. Application of either the current or the former subsection leads to the same result.

court ruled that the discovery rule[2] in products liability cases is not applicable in wrongful death cases.

In affirming the trial court's decision, the Court distinguished *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), where it was held that the statute of limitations for medical malpractice cases did not begin to run until the plaintiff discovered or should have discovered the existence of the claim.

The Court stated:

"[M]edical malpractice claims present special problems since it is sometimes difficult to distinguish the injury from symptoms of the condition for which treatment was sought.

"Here the factors which may obstruct a patient's awareness of a malpractice claim are not present. From the outset plaintiffs were aware that decedent Ollie died of carbon monoxide poisoning in a General Motors automobile, and could have proceeded against General Motors accordingly.

"As set forth in *Sedlak v Ford Motor Co,* 64 Mich App 61, 63; 235 NW2d 63 (1975):

" 'It would be an extremely dangerous rule of law that the accrual date of a cause of action is held in abeyance indefinitely until a prospective plaintiff obtains professional assistance to determine the existence of a possible cause of action. Under such a theory, no limitations period would ever be binding.

" 'The Supreme Court summed this all up as follows:

" ' "It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or

---

[2] The term "discovery rule" is a commonly used phrase for accruals which commence when the plaintiff discovers or reasonably should have discovered the breach.

preserving his claim." *Kroll v Vanden Berg,* 336 Mich
306, 311; 57 NW2d 897 (1953).' " *Id.,* 192-193.

Also see, *Szlinis v Moulded Fiber Glass Co, Inc,* 80
Mich App 55; 263 NW2d 282 (1977), *appeal dis-
missed* 407 Mich 893 (1979).

*Stoneman* can arguably be distinguished. This
plaintiff did not know that G.E. was one of the
manufacturers of the machine until two months
before adding it as a party defendant. In *Stone-
man,* plaintiffs immediately knew the decedent
died in a General Motors car.

However, we find the distinction to be without
significance. Plaintiff knew at the date of dece-
dent's death that the faulty machine caused his
injury. At that time, it was incumbent upon her to
discover, within three years, the various manufac-
turers of the possible faulty mechanisms. There is
a plethora of case law holding that the statute of
limitations is not tolled pending discovery of the
identity of the alleged tortfeasor where all the
other elements of the cause of action exist. See
*Thomas v Ferndale Laboratories, Inc,* 97 Mich App
718; 296 NW2d 160 (1980), and the cases cited
therein.

Today's complex marketing and manufacturing
systems commonly result in consumer products
bearing one brand name although the components
of the product have been manufactured by several
enterprises. Our considered judgment is that the
public is generally aware of this fact.

By holding that the statute of limitations begins
to run on the date of death, it is not necessary to
hold void the discovery rule established in the
breach of warranty statute.[3] Rather, we find as a

---

[3] This decision must not be construed as negating the effect of the
breach of warranty accrual provision where wrongful death has not
been claimed.

matter of law that where a product is the instrumentality of death the fact that the product may have been defective has been manifested. It is then incumbent upon the survivors to investigate the product to determine liability.

The result reached today is in agreement with an analogous line of cases addressing the question of which of two possible statutes of limitation is applicable. In *Rach v Wise,* 46 Mich App 729, 731-732; 208 NW2d 570 (1973), the general rule in those cases was succinctly stated:

"[W]hen choosing which of several statutes of limitations is applicable to a particular case[,] * * * the nature of damages sought, rather than the form of the action plaintiff has proceeded under is determinative."

In accord, *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968).

The Court in *Rach* concluded that the three-year statute of limitations for personal injury cases controlled even though the action was premised on an express contract.

In the case at bar, the wrongful death of Mr. Reiterman establishes the nature of the damages sought. Hence, application of the wrongful death accrual results in consistency with the rule cited in *Rach.*

Our previous decision relied heavily upon two cases which hold that the two-year medical malpractice statute of limitations is applicable in wrongful death actions. *Weiss v Bigman,* 84 Mich App 487; 270 NW2d 5 (1978), and *Olijnyk v Harrison Community Hospital, Inc,* 80 Mich App 366; 263 NW2d 33 (1977). Upon further reflection, we find that line of cases not persuasive in this case. We agree with the *Stoneman* opinion where it

distinguishes between medical malpractice and products liability cases due to the notice differences inherent in each type of action. *Stoneman, supra,* 192. Furthermore, accrual was not the issue in those cases, which turned upon conflict between two statutory periods.

Finally, we find that the cases holding that the more specific statute controls where there is a conflict between a general and a specific statute are also not germane to this controversy. *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99; 43 NW2d 77 (1950), *People v Bernard Smith,* 81 Mich App 561; 266 NW2d 40 (1978). The two statutes in this case concern different topics, one a statutory time limitation and the other a time of accrual. Neither is more specific than the other. By holding that the breach of warranty reasonably should have been discovered upon decedent's death, both statutes are given effect.

The Court of Appeals opinion dated June 20, 1980, is vacated. The matter is remanded for entry of accelerated judgment, GCR 1963, 116.1(5), in favor of defendant G.E. Costs to G.E.

D. F. WALSH, J., concurred.

T. M. BURNS, J. *(dissenting).* I respectfully dissent and would follow our prior opinion in this matter.

Without question, the applicable period of limitations for wrongful death actions is the three-year time period formerly set forth in MCL 600.5805(7); MSA 27A.5805(7). *Ruhle v Armstrong,* 20 Mich App 573; 174 NW2d 292 (1969), *aff'd* 384 Mich 709; 187 NW2d 223 (1971). The general rule regarding wrongful death actions is that this three-year period begins to run on the date of the decedent's death. *Coury v General Motors Corp,* 376 Mich

248; 137 NW2d 134 (1965). This general rule, however, has no application in this case.

Under the provisions of MCL 600.5833; MSA 27A.5833:

"In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered."

Plaintiff's suit against defendant General Electric Company is premised upon a breach of warranty of fitness. Therefore, it falls squarely within the statutory language that neither admits of ambiguity nor exception on account of the wrongful death statute.

Statutes that relate to particular matters or questions control over contrary general law. *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99; 43 NW2d 77 (1950). Thus, for instance, in *Weiss v Bigman,* 84 Mich App 487; 270 NW2d 5 (1978), this Court held that a complaint brought under the wrongful death act, but which was based upon an allegation of medical malpractice, was required to be filed within the period of limitations pertaining to medical malpractice actions. See MCL 600.5805(4); MSA 27A.5805(4). See also *Olijnyk v Harrison Community Hospital, Inc,* 80 Mich App 366; 263 NW2d 33 (1977).

Plaintiff has properly pleaded a cause of action for breach of warranty. The fact that her decedent had the misfortune of dying rather than suffering severe physical injury in no way affects the validity of her claim for breach of warranty. Nor is this fact of any import under MCL 600.5833; MSA 27A.5833. I dissented in this Court's opinion in *Rach v Wise,* 46 Mich App 729, 733; 208 NW2d

570 (1973) (T. M. Burns, J., dissenting), and I do so
here. This Court is not in the business of redrafting a litigant's pleadings to fit our artificial rules
of procedure.

I dissent and would affirm the circuit court's
denial of defendant General Electric Company's
motion for accelerated judgment.