## BURTON *v.* SMITH

1. PHYSICIANS AND SURGEONS—NEGLIGENCE—MALPRACTICE—STANDARD OF CARE—EVIDENCE—EXPERT WITNESSES.

   Expert witness testimony is generally required in a medical malpractice case because the ordinary layman is not equipped by common knowledge and experience to judge the skill and competence of professional service and determine whether it squares with the standard of such professional practice in the community.

2. PHYSICIANS AND SURGEONS—NEGLIGENCE—MALPRACTICE—STANDARD OF CARE.

   The standard of care for a general practitioner of medicine or surgery is that standard of care of physicians or surgeons practicing in the same or similar communities.

3. PHYSICIANS AND SURGEONS—NEGLIGENCE—MALPRACTICE—STANDARD OF CARE—EVIDENCE—EXPERT WITNESSES.

   A plaintiff failed to meet his burden of proof when he failed to present expert testimony regarding the standard of care and skill required of a general medical practitioner in that or similar communities in performing an operation to remove a spermatocele, because this question is neither within the scope of, nor can it be decided by, the common knowledge and experience of laymen.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  41 Am Jur, Physicians and Surgeons § 129.
[2]  41 Am Jur, Physicians and Surgeons § 87.
[3]  41 Am Jur, Physicians and Surgeons §§ 129, 131.

Appeal from Sanilac, Arthur M. Bach, J.  Submitted Division 2 May 5, 1971, at Lansing.  (Docket No. 8661.)  Decided June 21, 1971.

Complaint by Agnes Burton, administratrix of the estate of Ralph D. Chafen, against Duane Smith, for medical malpractice.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Howard C. Fisher,* for plaintiff.

*Cline & Cline* (by *Walter P. Griffin*), for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

McGREGOR, P. J.  Plaintiff alleges that defendant, a physician, was negligent and unskillful in performing an operation on Ralph D. Chafen.  At the close of plaintiff's proofs, the trial court found no cause of action and directed a verdict for the defendant.  The case is before this Court by right of appeal.

The only issue presented is whether the trial court erred in its determination that the plaintiff failed to meet the burden of proof necessary to support a negligence action based on medical malpractice.

In Michigan, there are presently two standards of care: one standard is for specialists and the other is for general practitioners.  The general rule, for medical malpractice suits, requires that expert testimony be offered.  The jury is not considered to have adequate knowledge and experience to understand the complexities of the proper practice of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

medicine. In *Daniel v. McNamara* (1968), 10 Mich App 299, 305, 306, the Court of Appeals quoted a Supreme Court case for the pertinent law:

"In the record presented to this Court there is a complete absence of any testimony that the defendant failed to exercise his professional judgment in accord with the standard of care of medical physicians in the community or similar communities in which he practiced at the time he applied the cast and up to the time the cast was removed. Absent such showing, no question was presented for the jury's consideration. As the Supreme Court held in *Lince v. Monson* (1961), 363 Mich 135, 140, 141:

" 'In a case involving professional service the ordinary layman is not equipped by common knowledge and experience to judge of the skill and competence of that service and determine whether it squares with the standard of such professional practice in the community. For that, the aid of expert testimony from those learned in the profession involved is required. As this Court said in *Zoterell v. Repp* [1915], 187 Mich 139, 330:

" ' "As to those matters of special knowledge strictly involving professional skill and attention, unskilfulness, negligence, or failure to do that which ought to be done must be shown by the testimony of those learned in such matters.

" ' "In conduct, like that of a surgeon, resting upon judgment, opinion, or theory, the ordinary rules for determining negligence do not prevail. *Luka v. Lowrie* [1912], 171 Mich 122 (41 LRA NS 290) ; *The Tom Lysle* (WD Pa, [1891]), 48 F 690; *Brown v. French* [1833], 104 Pa 604; *Williams v. LeBar* [1891], 141 Pa 149 (21 A 525). One reason for the rule is that when one acts according to his best judgment in an emergency, he is not chargeable with negligence. *Luka v. Lowrie, supra; Staloch v. Holm* [1907], 100 Minn 276 (111 NW 264, 9 LRA NS 712) ;

*Williams* v. *Poppleton* [1869], 3 Or 139; 30 Cyc, p 1587; *Sherwood* v. *Babcock* [1919], 208 Mich 536. " ' "In order to submit a case of alleged malpractice to the jury, the plaintiff must produce medical testimony to the effect that what the attending physician or surgeon did was contrary to the practice in that or similar communities, or that he omitted to do something which was ordinarily done in that or similar communities." *Delahunt* v. *Finton* [1928], 244 Mich 226, 229, 230.' "

One exception to the general rule is:

"In cases in which a physician's or surgeon's want of skill or lack of care has been such as to be within the comprehension of laymen and to require only common knowledge and experience to understand and judge it, it has been held that expert evidence was not required to make out a case against the physician or surgeon for malpractice." 81 ALR2d 597, § 3, p 608.

The Supreme Court has said:

"The standard of care for a specialist should be that of a reasonable specialist practicing medicine in the light of present day scientific knowledge. Therefore, geographical conditions or circumstances control neither the standard of a specialist's care nor the competence of an expert's testimony." *Naccarato* v. *Grob* (1970), 384 Mich 248, 254.

In *Naccarato* the Court did not re-examine the standard of care for a general practitioner. Consequently, the standard for general practitioners continues to be the standard of such professional practice as that in the community or similar communities. *Lince* v. *Monson* (1961), 363 Mich 135; *Mitz* v. *Stern* (1970), 27 Mich App 459.

In the instant case, the defendant is a general practitioner and the standard of care used by him

is that of the general practitioners in that or similar communities. Expert witnesses are required to prove a physician was negligent and unskillful unless the negligence and unskillfulness were such as to be within the common knowledge and experience of laymen. *Lince* v. *Monson, supra; Mitz* v. *Stern, supra; Daniel* v. *McNamara* (1968), 10 Mich App 299.

In the instant case, the questions involved the required care and skill of a physician in the performance of an operation to remove a spermatocele. This is not now and never has been within the scope of laymen's knowledge and experience. To decide whether the defendant used the standard of care necessary for the performance of the operation required expert testimony.

The record shows that plaintiff offered no expert witnesses to support his allegations of professional negligence. The only question plaintiff presented was whether the defendant properly performed the operation. Under the situation indicated here, this question cannot be resolved by the common knowledge and experience of laymen. The plaintiff had the duty to present expert witnesses to testify as to whether the care and skill of the defendant was less than the standard in the community where the operation took place. The plaintiff failed to carry the burden of proof necessary to support a cause of action. The trial court did not err in ordering a directed verdict for the defendant.

Affirmed. Costs to defendant.

All concurred.