WEISS v BIGMAN

Docket No. 77-1340. Submitted February 15, 1978, at Detroit.—De-
cided July 5, 1978. Leave to appeal applied for.

Complaint by Albert P. Weiss, administrator of the estate of
Betty A. Weiss, deceased, against Oscar Bigman, M.D., Al
Kawecki, M.D., and H. Tabor, M.D., for damages for the wrong-
ful death of his wife as a result of alleged medical malpractice
by the defendant doctors. The Oakland Circuit Court, William
J. Beer, J., granted defendants' motion for accelerated judg-
ment on the ground that plaintiff's suit was barred by the
malpractice statute of limitations. Plaintiff appeals. *Held:*

The medical malpractice two-year statute of limitations is
applicable in an action for damages for wrongful death as a
result of medical malpractice where the complaint is drafted
solely with the intent of alleging malpractice. This statute of
limitations begins to run from the date of last treatment, or
from the date when the asserted malpractice is or should have
been discovered, whichever is later. The trial court erred in
granting an accelerated judgment based upon the expiration of
the statute of limitations where a material issue of fact existed
regarding the discovery date of the asserted malpractice. A

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 181–
185.

Statute of limitations applicable to malpractice action against
physician, surgeon, dentist, or similar practitioner. 80 ALR2d
320.

When statute of limitations commences to run against malpractice
action against physician, surgeon, dentist, or similar practitioner.
80 ALR2d 368.

[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 182,
183.

When statute of limitations commences to run against malpractice
action against physician, surgeon, dentist, or similar practitioner.
80 ALR2d 368.

[3] 51 Am Jur 2d, Limitation of Actions § 61.

[4] 22 Am Jur 2d, Death § 40.

Time from which statute of limitations begins to run against cause
of action for wrongful death. 97 ALR2d 1151.

cause of action is governed by the statute of limitations in effect at the time the cause of action arose.

Reversed and remanded.

M. F. Cavanagh, J., concurs in the reversal of the accelerated judgment but does not agree that it was necessary, in this case, to decide whether to apply the two-year malpractice statute of limitations or the three-year statute of limitations for actions to recover damages for injuries to persons and property. He would hold that the statute of limitations did not start to run until the date of the decedent's death since this is a suit for wrongful death based upon an alleged act of medical malpractice.

### Opinion of the Court

1. Limitation of Actions—Malpractice—Damages—Wrongful Death—Accrual of Action—Statutes.

   The medical malpractice two-year statute of limitations is applicable in an action for damages for wrongful death as a result of medical malpractice where the complaint is drafted solely with the intent of alleging malpractice; this statute of limitations begins to run from the date of last treatment, or from the date when the asserted malpractice is or should have been discovered, whichever is later (MCL 600.5805[3]; MSA 27A.5805[3]).

2. Appeal and Error—Accelerated Judgments—Limitation of Actions—Malpractice—Material Issues of Fact—Discovery Date.

   The trial court erred, in an action for damages for wrongful death as a result of medical malpractice, in granting the defendants' motion for accelerated judgment based upon expiration of the two-year medical malpractice statute of limitations where a material issue of fact existed regarding the discovery date of the asserted malpractice; accelerated judgment grounded on the statute of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice.

3. Limitation of Actions—Statute in Effect.

   A cause of action is governed by the statute of limitations applicable to such actions which was in effect at the time the cause of action arose.

### Concurrence by M. F. Cavanagh, J.

4. Limitation of Actions—Wrongful Death—Accrual of Action—Malpractice.

   *The statute of limitations does not start to run until the date of*

*the decedent's death in a suit for wrongful death based upon an alleged act of medical malpractice.*

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.* (by *Norman D. Tucker*), for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Melvin R. Schwartz*), for defendant Bigman.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Thomas M. O'Leary* and *Christine D. Oldani*), for defendants Kawecki and Tabor.

Before: D. E. HOLBROOK, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

D. E. HOLBROOK, P. J. Plaintiff appeals a March 30, 1977 order by the Oakland County Circuit Court which granted defendants' motion for accelerated judgment. The defendants in their motion for accelerated judgment claimed that the plaintiff's suit was barred by the malpractice statute of limitations, MCL 600.5805(3); MSA 27A.5805(3). Doctors Kawecki and Tabor based their motion for accelerated judgment on the fact that their last contact with the plaintiff's decedent's X-ray films was on March 15, 1973, and August 10, 1973, respectively. Dr. Bigman asserted that his last contact with plaintiff's decedent was in February of 1974. As the complaint was not filed until July 19, 1976, the defendants claimed that the statute of limitations had run on plaintiff's cause of action.

A review of the lower court file discloses that the facts of the instant case are as follows:

Albert Weiss, administrator of the estate of Betty Weiss, deceased, brought this action against

Doctors Bigman, Kawecki and Tabor. In his complaint, Albert Weiss sought recovery for the wrongful death of his wife, alleging that the treatment of the deceased by the defendant doctors constituted malpractice and resulted in her death on July 20, 1974. Specifically, plaintiff alleges that the defendants continuously diagnosed the illness of plaintiff's decedent as tuberculosis, and plaintiff's decedent was so treated.

On September 13, 1972, Betty Weiss, age 67, was admitted to Beaumont Hospital. Radiographic films were taken that day and a lesion on the apex of the right lung was discovered.

On September 26, 1972, Mrs. Weiss was discharged from the hospital and remained under the treatment of Dr. Bigman, a specialist in internal medicine. Dr. Bigman treated Mrs. Weiss for tuberculosis until March of 1973. During the course of treatment, Dr. Bigman requested further X-rays of Mrs. Weiss's chest. Dr. Kawecki interpreted the X-rays taken on March 15, 1973, and had no further contact with the case. Dr. Tabor interpreted the August 10, 1973, X-rays, and had no further contact with the case.

In February of 1974, Mrs. Weiss was told by Dr. Bigman that she was suffering from carcinoma of the right lung with metastasis to the brain. On July 20, 1974, she died as a result of the carcinoma of the right lung with widespread metastasis. On July 19, 1976, an action for wrongful death as the result of medical malpractice was filed in circuit court by Albert Weiss claiming $100,000 in damages.

The sole issue on appeal is whether the trial court erred in granting the defendants' motion for accelerated judgment based on MCL 600.5805(3); MSA 27A.5805(3) when the plaintiff filed a claim

seeking recovery for the wrongful death of his wife, as a result of alleged medical malpractice on the part of defendants.

Plaintiff's argument on appeal is threefold. First, plaintiff asserts that the cause of action in the instant case is for wrongful death, therefore, the statute of limitations begins to run at the time of death and continues for three years. In the case at bar, the decedent died on July 20, 1974, thus, the plaintiff had until July 20, 1977, to commence the action. The suit was filed on July 19, 1976, and thus was not barred by the statute of limitations.

Second, even if we apply the two-year statute of limitations which is applicable to medical malpractice, the case is not barred. This is based on plaintiff's assertion that the two-year statute of limitations begins to run from the time of death. Therefore, the present suit was timely, having been filed one day short of the expiration of this period.

Third, plaintiff asserts that even ignoring the wrongful death aspects of this case, assuming that this is strictly a case of malpractice, the two-year statute of limitations runs from the date of last treatment or from the date when the malpractice is or should have been discovered, whichever is later. The plaintiff maintains that he did not discover the malpractice until August of 1974. Thus, the filing of his action in July of 1976 was commenced within the two-year statute of limitations. However, defendants maintain that plaintiff discovered the medical malpractice in February of 1974 and, thus, the action was not commenced within the two-year statute of limitations period. As a result of this argument, plaintiff maintains that there is a factual issue as to when he should have known of the malpractice and thus the trial

court's granting of accelerated judgment was improper.

We first deal with whether the two- or three-year statute of limitations should apply. In *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597, 607–608; 199 NW2d 252 (1972), the Court stated as follows:

"[I]f it is determined that any part of plaintiff's complaint sufficiently alleges general negligence against Dr. Drake for which the period of limitation is three years, then that part of the complaint will not be barred by the statute of limitation defense. However, any and all allegations that go to malpractice claims will be barred by the two-year statute of limitation found in MCLA 600.5805(3); MSA 27A.5805(3) for the following reasons.[11]" (Footnote 10 omitted.)

Footnote 11 states as follows:

"Even though in cases involving injuries to persons and property it has been held that the three year statute of limitation, MCLA 600.5805(7); MSA 27A.5805(7), applies.

\*   \*   \*

" '(3) The period of limitations is 2 years for actions charging malpractice.

\*   \*   \*

" '(7) The period of limitations is 3 years *for all other actions* to recover damages for injuries to persons and property.' (Emphasis added.) "Consequently, any allegations of malpractice in this wrongful death action are governed by the two-year period of limitations."

After examining the plaintiff's complaint in the instant case, we conclude that the allegations contained therein were "drafted solely with the intent to allege malpractice". *Castle, supra,* p 612. Therefore, the medical malpractice statute of limita-

tions, MCL 600.5805(3); MSA 27A.5805(3), is applicable. This statute of limitations begins to run from the date of last treatment, or from the date when the asserted malpractice is or should have been discovered, whichever is later.

Having determined that the two-year statute of limitations of MCL 600.5805(3); MSA 27A.5805(3) controls, the question remains whether the suit was timely filed or whether accelerated judgment was properly granted.

A cause of action for malpractice is governed by MCL 600.5805(3); MSA 27A.5805(3). A malpractice cause of action accrues when the treatment is discontinued or when the asserted malpractice is or should have been discovered, whichever is later. *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973).

In the instant case, the last date of treatment was March of 1973 for Dr. Kawecki, August of 1973 for Dr. Tabor, and February of 1974 for Dr. Bigman. When the trial court granted defendants' motion for accelerated judgment he relied on these dates and held: "This Court feels that the statute that applies here is two years from the last date of service".

Thus, the trial judge disregarded the "time of discovery" rule in *Dyke, supra.*

The issue now becomes, when did the plaintiff discover the alleged malpractice. The plaintiff asserts he did not discover the alleged malpractice until August of 1974. However, defendants maintain that plaintiff discovered the alleged malpractice when he was told in February of 1974 that his wife had cancer and thus plaintiff should have known that the doctor's treatment of the lesion in his wife's lung as being tuberculosis was improper and might constitute malpractice.

Both plaintiff and defendants disagree as to when the plaintiff should have discovered the alleged malpractice. Thus, there is a material issue of fact regarding the discovery date of the asserted malpractice.

In *Kelleher v Mills,* 70 Mich App 360, 365; 245 NW2d 749 (1976), this Court held:

"Accelerated judgment grounded on the statute of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice. *Winfrey v Farhat,* 382 Mich 380; 170 NW2d 34 (1969), *Cates v Frederick W Bald Estate,* 54 Mich App 717; 221 NW2d 474 (1974), *lv den,* 394 Mich 758 (1975)."

Thus, the trial court erred in granting defendants' motion for accelerated judgment because the date of discovery was a material issue of fact that should have been left for a jury.

Defendants Kawecki and Tabor have asserted that the amendment of MCL 600.5838; MSA 27A.5838 by 1975 PA 142 retroactively bars the plaintiff's claim. The act provides:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred."

Plaintiff's assertion is without merit as this question was answered in *Quinlan v Gudes,* 2 Mich App 506; 140 NW2d 782 (1966), wherein the Court held that the statute of limitations in effect at the time the cause of action arose governed. Thus, the cause of action in the instant case arose prior to the passage of 1975 PA 142 and, therefore, that amendment is not applicable.

Reversed and remanded. Costs to plaintiff.

V. J. BRENNAN, J., concurred.

M. F. CAVANAGH, J. *(concurring separately).* I concur separately with the majority's reversal of the accelerated judgment entered below. I do not agree that to do so in this case we must decide whether the two (MCL 600.5805[3]; MSA 27A.5805[3]) or the three (MCL 600.5805[7]; MSA 27A.5805[7]) year statute of limitations applies in wrongful death suits where the alleged wrong is medical malpractice.[1]

---

[1] In light of the lengthy opinion in *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972), discussing another issue, the Court's application of the two-year statute of limitations there appears perfunctory. I believe it would be a mistake to expand the Court's limited holding in this regard. It should also be noted that

Because this action is based upon an alleged act of malpractice, my brothers seem to lose sight of the fact that it is, nonetheless, still a suit for wrongful death. As such, the statute of limitations cannot start to run until the date of death. It was clearly so stated by our Supreme Court in *Coury v General Motors Corp,* 376 Mich 248, 251; 137 NW2d 134 (1965), to wit:

"In *Ford v Maney's Estate,* 251 Mich 461 [232 NW 393 (1930)] (70 ALR 1315), the action was under the so-called survival statute. In distinguishing between the 2 acts, the Court made the observation that:
" 'In this State it is held that the death act created a cause of action unknown to the common law, not by way of survival of a right accruing to the deceased which before had abated at this death, but as a new and special remedy accruing to those who suffer loss by the death.'
"It follows that in Michigan application of the above indicated prevailing view set forth in the ALR reference requires our holding and we think we should hold that the cause of action for a wrongful death and damages resulting therefrom accrues when that death occurs."

The majority's application of the rule enunciated in *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973), to a wrongful death action could result in an action being barred (because not seasonably filed) before the plaintiff had any right to commence the action. I am not in accord with such an application and reiterate that it is unnecessary in this case. The date of death in the instant case was July 20, 1974, and this action was commenced on July 19, 1976. Whichever of the two possible

in *Castle, supra,* suit was commenced more than two years after the death of the decedent. In the instant case suit was commenced within two years of the decedent's death.

limitation periods is correct, since this action was brought within the shorter of the two, the grant of accelerated judgment below was error and I would reverse.