HAWKINS v REGIONAL MEDICAL LABORATORIES, PC

Docket No. 78-3051. Submitted June 14, 1979, at Grand Rapids.— Decided October 18, 1979.

Larry M. Hawkins underwent surgery in March, 1975, in which a tumor-like mass was removed from his hip. The mass was diagnosed as a benign lipoma. A specimen of fluid which subsequently accumulated in the wound was examined and no elements of malignancy were found. Mr. Hawkins failed to recover and in April, 1975, was transferred to another hospital. His condition was later diagnosed as a cancerous tumor. He underwent further surgery, but died in January, 1976, allegedly because of the spreading of the malignancy. In January, 1978, Pietrina Hawkins, as executrix of the estate of Larry M. Hawkins, brought an action against Regional Medical Laboratories, P.C., C. M. Spencer, M.D., Richard A. Collins, M.D., and others alleging medical malpractice resulting in the death of Mr. Hawkins. None of the defendants rendered any treatment or services to Mr. Hawkins after his transfer in April, 1975. The defendants brought a motion for accelerated judgment on the ground that the claim was barred by the statute of limitations on malpractice claims. The Calhoun Circuit Court, Stanley Everett, J., denied the motion on the basis that the action was essentially one for wrongful death and that the period of limitation thus began to run at death. Defendant appeals by leave granted. *Held:*

In a wrongful death action claiming medical malpractice, the cause of action accrues as provided by the statutory provision governing actions for medical malpractice, not at the time of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 318-325.

When statute of limitations commences to run against malpractice action against physician, surgeons, dentist, or similar practitioner. 80 ALR2d 368.

[2] 73 Am Jur 2d, Statutes § 257.

[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 316.

[3] Statute of limitations applicable to malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320.

·

death. Therefore, because the plaintiff brought her action some eight months after the statutory period within which to bring a malpractice action, the denial of the defendants' motion for accelerated judgment was error.

Reversed.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — STATUTES.

The statute of limitations for medical malpractice begins to run from the date of last treatment or from the date when the asserted malpractice is or should have been discovered, whichever is later (MCL 600.5838; MSA 27A.5838).

2. STATUTES — SPECIFIC STATUTES — GENERAL STATUTES.

Special statutes relating to particular issues and questions control over general law even though the general law would be controlling were it not for the special statutes.

3. LIMITATION OF ACTIONS — WRONGFUL DEATH — MEDICAL MALPRACTICE — STATUTES.

The cause of action in a wrongful death action claiming medical malpractice commences as provided by the statutory provision relating to the commencement of actions for medical malpractice and not at the time of death (MCL 600.2922, 600.5805[3], 600.5838; MSA 27A.2922, 27A.5805[3], 27A.5838).

*Charfoos & Charfoos, P.C.* (by *J. Douglas Peters*), for plaintiff.

*Sullivan, Hamilton, Ryan, Schulz & Woodruff, P.C.,* for defendants.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

PER CURIAM. Plaintiff, as executrix for the estate of Larry M. Hawkins, brought an action against defendants alleging medical malpractice resulting in the death of Mr. Hawkins. Defendants brought a motion for accelerated judgment under GCR 1963, 116.1(5) on the ground that the claim was barred by the malpractice statute of limitations,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 600.5805(3); MSA 27A.5805(3). The trial court denied the motion and defendants bring this appeal by leave of the Court.

The facts are as follows:

In March of 1975, Dr. Spencer surgically removed a tumor-like mass from the hip of Mr. Hawkins. A specimen of this mass was examined by Dr. Collins, a member of Regional Medical Laboratories, who diagnosed it as a benign lipoma (noncancerous). After the surgery the wound did not heal as expected, and there was an accumulation of fluid and drainage. A specimen of the fluid was examined by Dr. Walters who found no elements of malignancy present. Mr. Hawkins failed to recover and was transferred to the University Hospital in Ann Arbor on April 29, 1975. After that date none of the defendants rendered any further treatment or services to the decedent.

Plaintiff alleges that while at the University Hospital the decedent's condition was diagnosed as a malignant fibrous histiocytoma (cancerous tumor) and as treatment for this condition Mr. Hawkins underwent a hemipelvectomy. Plaintiff alleged that in spite of this surgery the spread of malignancy resulted in Mr. Hawkins' death on January 27, 1976. On January 6, 1978, the plaintiff brought this action.

The sole issue before this Court is at what time the statute of limitations begins to run for a wrongful death action claiming malpractice. Plaintiff admits the limitation period applicable in such cases is two years, as provided for malpractice actions under MCL 600.5805(3); MSA 27A.5805(3). *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597; 199 NW2d 252 (1972), *Olijnyk v Harrison Community Hospital, Inc,* 80 Mich App 366; 263 NW2d 33 (1977). However, she argues (and the

trial court agreed) that since the action is essentially one for wrongful death, this two-year period should begin to run only on death. On the other hand, defendants argue that where wrongful death actions claim medical malpractice, the two-year limitation period should commence on the date of the last treatment or on the date the malpractice is or should have been discovered, whichever is later, as is the rule generally applied in medical malpractice actions. MCL 600.5838; MSA 27A.5838. *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973).[1] The present action is barred if the latter period is applied.

Plaintiff argues that this cause of action seeks recovery for wrongful death, and that since the wrongful death act creates a new and independent cause of action rather than simply survival of a cause of action which could have been brought by the decedent, the limitation period should commence on death. She argues this is the position generally adopted by courts of this state. *Coury v General Motors Corp,* 376 Mich 248; 137 NW2d 134 (1965), *Rhule v Armstrong,* 384 Mich 709; 187 NW2d 223 (1971). However, the cases cited by the plaintiff are distinguishable from the present one in that none involved a claim of medical malpractice.

In *Weiss v Bigman,* 84 Mich App 487, 492-493; 270 NW2d 5 (1978), the Court was faced with the same issue which is raised on this appeal. In that case three physicians diagnosed plaintiff's decedent as suffering from tuberculosis when apparently she was suffering from carcinoma of the lung, and, following her death from this cancer, decedent's administrator brought an action for wrongful

[1] Since this cause of action arose prior to the passage of 1975 PA 142, that amendment is not applicable.

death against the physicians. That action was filed within two years of the date of death, but more than two years after the date of last treatment. As in the instant case, the plaintiff argued that since the action was brought to recover for the wrongful death of the decedent, the statute of limitations should commence on death. The Court in that case stated as follows:

"[W]e conclude that the allegations * * * were 'drafted solely with the intent to allege malpractice'. *Castle, supra,* p 612. Therefore, the medical malpractice statute of limitations, MCL 600.5805(3); MSA 27A.5805(3), is applicable. This statute of limitations begins to run from the date of last treatment, or from the date when the asserted malpractice is or should have been discovered, whichever is later."[2]

We are in accord with the majority's opinion in *Weiss, supra,* and apply it to this case. It is well settled that special statutes relating to particular issues and questions control over general law even though, absent the special statute, the general law would be controlling. *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99; 43 NW2d 77 (1950), *Minor Child v Health Comm'r,* 16 Mich App 128; 167 NW2d 880 (1969), *People v Bernard Smith,* 81 Mich App 561; 266 NW2d 40 (1978). We hold this rule applies equally in the area of limitations of actions.

The Legislature has not prescribed an accrual date or a specific statute of limitations for actions brought under the wrongful death act (MCL 600.2922; MSA 27A.2922) and these periods have been established only by case law. On the other

---

[2] The Court remanded the case back to the trial court to resolve a factual dispute concerning the time the malpractice was discovered, an issue which is not involved in the present case.

hand, the Legislature has provided a specific accrual date (MCL 600.5838; MSA 27A.5838) and a specific statute of limitations for malpractice actions (MCL 600.5805[3]; MSA 27A.5805[3]), and these special restrictions should be given effect by this Court. Accordingly, we hold that in wrongful death actions claiming malpractice, the cause of action commences as provided by the statutory provision relating to the commencement of actions for medical malpractice, and not at the time of death as plaintiff urges. To hold otherwise would allow a wrongful death action based on malpractice to be brought anytime within two years of death no matter when the alleged malpractice took place. Such a result would run counter to the Legislature's policy of restricting the commencement of stale malpractice claims.

In the instant case, the statute of limitations began to run in May of 1975, and after the death of her spouse plaintiff still had 14 months in which to bring this action. Since plaintiff delayed the institution of this suit an additional eight months beyond the statutory period, the commencement of the action was untimely and the suit was barred. Therefore, the trial court erred in denying defendants' motion for accelerated judgment.

We have reviewed the plaintiff's other arguments and find them to be without merit.

Reversed.