PALMERTREE v GENESEE MEMORIAL HOSPITAL

Docket No. 47963. Submitted June 23, 1980, at Detroit.—Decided January 6, 1981. Leave to appeal applied for.

Fannie L. Palmertree, as administratrix of the Estate of Lawrence E. Palmertree, deceased, brought an action against Genesee Memorial Hospital for plaintiff's decedent's wrongful death grounded on defendant's medical malpractice. Defendant moved for accelerated and for summary judgment. Genesee Circuit Court, Robert M. Ransom, J., denied defendant's motion for summary judgment but granted defendant's motion for accelerated judgment in part. Plaintiff appeals, alleging that the trial court erred in partially granting defendant's motion for accelerated judgment on the grounds that certain of plaintiff's allegations were barred by the running of the statutory limitation of actions. *Held:*

The trial court erred in partially granting defendant's motion for accelerated judgment. Plaintiff's cause of action for wrongful death accrued upon the death of plaintiff's decedent, regardless when the cause of action for medical malpractice accrued. Her action was properly brought within the period for limitation of actions for wrongful death.

Reversed and remanded.

V. J. BRENNAN, J., dissented. He would hold that a wrongful

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Death §§ 1, 5.
[2] 22 Am Jur 2d, Death §§ 47, 48.
[3] 22 Am Jur 2d, Death §§ 121, 123, 124, 126, 135, 211, 267.
[4] 22 Am Jur 2d, Death §§ 49, 179, 182.
[5] 22 Am Jur 2d, Death § 40.
[6] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers § 320.
[7] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers § 316.

Applicability, to negligence action against hospital, of statute of limitations applicable to malpractice and related actions against physicians, surgeons, or the like. 89 ALR2d 1180.

Statute of limitations applicable to malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320.

death action, where the alleged wrong is grounded on medical malpractice, must be brought within two years of the date of last treatment or within six months after a person discovers or should have discovered the existence of his claim, whichever is later. Thus, since plaintiff's complaint was untimely, not having been filed within this period of limitation of actions, he would affirm.

OPINION OF THE COURT

1. ACTIONS — WRONGFUL DEATH — STATUTES.

The wrongful death statute is a remedial act intended to provide compensation to persons whose injuries are real but of a type not actionable at common law (MCL 600.2922; MSA 27A.2922).

2. ACTIONS — WRONGFUL DEATH — INJURED PARTIES — STATUTES.

Persons entitled to compensation for injuries arising out of a wrongful death are of that class who, by law, would be entitled to inherit the personal property of the deceased had he died intestate (MCL 600.2922[2]; MSA 27A.2922[2]).

3. ACTIONS — WRONGFUL DEATH — DAMAGES — STATUTES.

Damages recoverable in an action for wrongful death include loss of the society and companionship of the deceased (MCL 600.2922[2]; MSA 27A.2922[2]).

4. ACTIONS — WRONGFUL DEATH — DISTRIBUTION OF COMPENSATION FOR DAMAGES — STATUTES.

The amount recovered for damages arising out of a wrongful death shall be distributed to the surviving spouse and next of kin who suffered injury in proportion thereto (MCL 600.2922[2]; MSA 27A.2922[2]).

5. ACTIONS — WRONGFUL DEATH — ACCRUAL OF CAUSES OF ACTION — MEDICAL MALPRACTICE.

A cause of action for wrongful death generally does not accrue until the death occurs, including such an action which is grounded on medical malpractice regardless of when the malpractice cause of action accrues.

6. ACTIONS — MEDICAL MALPRACTICE — ACCRUAL OF CAUSES OF ACTION — STATUTES.

An action for medical malpractice not resulting in death accrues at the time treatment is discontinued or a plaintiff ceases to be otherwise served in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice

arises regardless of the time the plaintiff discovers or otherwise has knowledge of the claim (MCL 600.5838; MSA 27A.5838).

DISSENT BY V. J. BRENNAN, J.

7. LIMITATION OF ACTIONS — WRONGFUL DEATH — MEDICAL MALPRAC-
    TICE — STATUTES.

*A wrongful death action, where the alleged wrong is grounded on medical malpractice, must be brought within two years of the date of last treatment or within six months after a person discovers or should have discovered the existence of a claim, whichever is later (MCL 600.5805[3], 600.5838; MSA 27A.5805[3], 27A.5838).*

*Levine & Benjamin, P.C.* (by *Alvin L. Levine* and *Linda K. Harris),* for plaintiff.

*Wilson, Portnoy, Basso & Leader, P.C.* (by *Robert P. Roth),* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

J. H. GILLIS, P.J. Plaintiff appeals a July 12, 1979, order of the Genesee County Circuit Court which granted partial accelerated judgment to the defendant.

Plaintiff's decedent began treatment at defendant hospital on October 30, 1975, under the care of Paul Markunas, M.D., a staff physician. That treatment continued until January 28, 1976. The decedent thereafter sought treatment at a different hospital. On March 5, 1976, the decedent was diagnosed as having a long-standing cancerous condition. He died on December 13, 1977.

Plaintiff filed her complaint on September 28, 1978, alleging that defendant: (1) failed to properly supervise the care and treatment provided the decedent by Dr. Markunas, (2) failed to utilize

---

* Circuit judge, sitting on the Court of Appeals by assignment.

proper diagnostic techniques, and (3) was negligent in the selection and retention of Dr. Markunas as a staff physician.

On November 8, 1978, defendant moved for accelerated and summary judgment, arguing respectively that this is a medical malpractice action barred by a two-year statute of limitations, MCL 600.5805(3); MSA 27A.5805(3), and that governmental immunity barred the suit. The motion for summary judgment was denied. That denial has not been appealed.

The motion for accelerated judgment was granted in part. The lower court reasoned as follows:

(1) This is a wrongful death action;

(2) Plaintiff's first and second allegations allege medical malpractice;

(3) A two-year statute of limitations applies in a wrongful death action where the alleged wrong is medical malpractice;

(4) A medical malpractice action must be filed within two years of the date of the injured person's last treatment or within six months after that person discovers or should have discovered the existence of the claim, whichever is later, MCL 600.5838; MSA 27A.5838;

(5) Plaintiff's complaint was not filed within either of these periods;

(6) Allegations (1) and (2) were barred by the running of the statute of limitations;

(7) Plaintiff's third allegation alleges general negligence. Thus, a three-year statute of limitations is applicable. MCL 600.5805(7); MSA 27A.5805(7). That period had not run as of the date on which plaintiff filed her complaint. Plaintiff's third allegation was not barred by the running of the applicable statute of limitations.

Accelerated judgment was granted as to allegations (1) and (2) and denied as to allegation (3). Plaintiff appeals the grant of accelerated judgment as to allegations (1) and (2). We reverse.

We begin our analysis by emphasizing that this is a wrongful death cause of action, and that "the wrongful death statute is a remedial act intended to provide compensation to persons whose injuries are real but of a type not actionable at common law". *Crystal v Hubbard,* 92 Mich App 240, 243; 285 NW2d 66 (1979), *lv gtd* 408 Mich 895 (1980). These persons are "of that class who, by law, would be entitled to inherit the personal property of the deceased had he died intestate". The damages which may be recovered in such an action include "recovery for the loss of the society and companionship of the deceased". Finally, "[t]he amount recovered in every such [wrongful death] action shall be distributed to the surviving spouse and next of kin who suffered injury and in proportion thereto". MCL 600.2922(2); MSA 27A.2922(2).

Given the identity of the persons who may recover in a wrongful death suit and the nature of the damages which are assessed therein, it is generally held that a wrongful death cause of action does not accrue until the death occurs. *Coury v General Motors Corp,* 376 Mich 248, 251; 137 NW2d 134 (1965). Likewise, in wrongful death cases which are grounded on medical malpractice,[1] regardless of when the malpractice cause of action accrues, the wrongful death plaintiff's cause of action could not accrue until death occurred. See, *e.g., Weiss v Bigman,* 84 Mich App 487, 496; 270 NW2d 5 (1978), *lv den* 405 Mich 820 (1979) (CAV-

[1] We distinguish the present case from medical malpractice cases which do *not* result in death. In such cases we note that the accrual of the cause of action is governed by MCL 600.5838; MSA 27A.5838.

ANAGH, J., concurring separately). Were it otherwise, the personal representative of the decedent (by whom the suit must be brought) would have to be prescient, or the suit would be barred in cases where the limitation period runs before death occurs.

Given the fact that plaintiff's decedent died on December 13, 1977, and that the complaint was filed on September 28, 1978, we need not reach the issue of which statute of limitations applies. As this suit was brought within one year of the date of death, it matters not whether we apply the two-year medical malpractice statute[2] or the three-year statute for all other actions to recover for injuries to persons and property.[3] Accordingly, allegations (1) and (2) of plaintiff's complaint were not barred by the running of the statute of limitations. The grant of partial accelerated judgment was erroneous and is reversed.

Reversed and remanded for proceedings consistent with this opinion.

A. C. MILLER, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent. A wrongful death action, where the alleged wrong is grounded in medical malpractice, must be brought within two years of the date of last treatment or within six months after a person discovers or should have discovered the existence of his claim, whichever is later. MCL 600.5805(3); MSA 27A.5805(3), MCL 600.5838; MSA 27A.5838.

---

[2] In September 1978, MCL 600.5805(3); MSA 27A.5805(3).

[3] In September 1978, the correct statutory citation was MCL 600.5805(7); MSA 27A.5805(7). Effective December 1978, this section was amended to provide that "[t]he period of limitations is 3 years *after the time of the death* or injury *for all other actions to recover damages for the death of a person,* or for injury to a person or property". MCL 600.5805(8); MSA 27A.5805(8). (Emphasis supplied.)

In *Weiss v Bigman,* 84 Mich App 487, 492-493; 270 NW2d 5 (1978), *lv den* 405 Mich 820 (1979), the majority, under similar facts, rejected the notion that either the medical malpractice two-year statute of limitations or the accrual thereof was circumvented because the action was brought under the wrongful death act.

"After examining the plaintiff's complaint in the instant case, we conclude that the allegations contained therein were 'drafted solely with the intent to allege malpractice'. * * * Therefore, the medical malpractice statute of limitations, MCL 600.5805(3); MSA 27A.5805(3), is applicable. This statute of limitations begins to run from the date of last treatment, or from the date when the asserted malpractice is or should have been discovered, whichever is later." (Citation omitted.)

In the instant case, MCL 600.5838; MSA 27A.5838, as amended, is applicable. Plaintiff's allegations of medical malpractice are barred unless the action was brought two years after the date of "last treatment" or within six months after "discovery", whichever was later. The "last treatment" was January 28, 1976, and "discovery" was March 5, 1976. Hence, January 28, 1978, was the latest date on which plaintiff could have commenced the action. Plaintiff's complaint was untimely as it was not filed until September 28, 1978. I would affirm the trial court's grant of partial accelerated judgment.