PENNER v SEAWAY HOSPITAL

Docket Nos. 49715, 51236. Submitted November 12, 1980, at Detroit.
—Decided January 6, 1981. Leave to appeal applied for.

Ethel Penner, as special administratrix of the estate of Ira A.
Penner, commenced in Wayne Circuit Court on July 12, 1979, a
wrongful death action against Seaway Hospital, a division of
the Peoples Community Hospital Authority, and John Hillyer,
M.D. In the complaint, plaintiff alleged that the deceased's
death on May 26, 1978, was caused by the failure of the
hospital and doctor to properly diagnose and treat the de-
ceased's cardiovascular disease. Defendant hospital moved for
accelerated judgment on the basis that the date of last treat-
ment at the hospital was August 10, 1976, and that the two-
year statute of limitations for malpractice had run. Plaintiff
argued that the statute of limitations had not run, since the
running of the statute did not commence until the date of the
deceased's death and that, in any event, the complaint also pled
general negligence and, thus, was subject to the three-year
statute of limitations. Myron H. Wahls, J., held that the
complaint pled malpractice, that the accrual date was the last
day of treatment and that, accordingly, the statute of limita-
tions had run. Accelerated judgment was granted in favor of
defendant hospital. Plaintiff appealed from that order. Thereaf-
ter, defendant doctor moved for and was granted accelerated
judgment on the same grounds. Plaintiff filed a separate appeal
from the second order. The appeals were consolidated on ap-
peal. *Held:*

1. Since plaintiff's wrongful death action was based upon
allegations of medical malpractice, the two-year malpractice
statute of limitations applies rather than the three-year injury
to person or property statute of limitations which governs

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Death § 37.
   61 Am Jur 2d (Rev), Physicians and Surgeons § 316 *et seq.*
[2] 22 Am Jur 2d, Death § 40.
   Time from which statute of limitations begins to run against cause
   of action for wrongful death. 97 ALR2d 1151.

where the wrongful death action is based on general negligence.

2. Because a wrongful death action does not exist until the death of the deceased, the accrual date for the purpose of the running of the statute of limitations is the date of death. Accordingly, plaintiff's wrongful death action based upon malpractice was timely filed, since the action was commenced within two years of the deceased's death.

3. The language of the plaintiff's complaint clearly alleged only wrongful death based upon malpractice; accordingly, plaintiff's arguments that the nature of the relief sought was other than wrongful death by reason of malpractice are without merit. Plaintiff's constitutional attack upon the survival statute was not preserved for appellate review and, accordingly, will not be considered on appeal.

Reversed and remanded.

1. LIMITATION OF ACTIONS — WRONGFUL DEATH — WRONGFUL DEATH ACT — MALPRACTICE — STATUTES.

A wrongful death action based upon medical malpractice is subject to the two-year malpractice statute of limitations rather than the three-year injury to persons or property statute of limitations which governs where a wrongful death action is based upon general negligence (MCL 600.2922, 600.5805[4]; MSA 27A.2922, 27A.5805[4]).

2. LIMITATION OF ACTIONS — WRONGFUL DEATH — WRONGFUL DEATH ACT — ACCRUAL OF ACTION — STATUTES.

The date of accrual of a cause of action for wrongful death, regardless of whether death is caused by general negligence or medical malpractice, is the date of death of the deceased (MCL 600.2922, 600.5805[4]; MSA 27A.2922, 27A.5805[4]).

*Levine & Benjamin, P.C.* (by *Alvin L. Levine* and *Linda K. Harris*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *J. P. O'Leary* and *Raymond W. Morganti*), for defendant John W. Hillyer.

*Cozadd, Shangle & Smith* (by *Robert A. Button*), for defendant Seaway Hospital.

Before: BRONSON, P.J., and J. H. GILLIS and CY-
NAR, JJ.

CYNAR, J. Plaintiff commenced this wrongful
death action, alleging malpractice, in Wayne
County Circuit Court on July 12, 1979. Defendant
Seaway Hospital moved for accelerated judgment,[1]
contending that the action was barred by the
statute of limitations for malpractice actions. MCL
600.5805(4); MSA 27A.5805(4). The trial judge
granted the motion in an opinion dated January
15, 1980. Judgment was entered on January 21,
1980. Further, accelerated judgment on behalf of
defendant Hillyer on the same grounds was en-
tered on April 9, 1980. The trial judge found that
the two-year malpractice statute of limitations
governed and that the causes of action accrued on
the dates decedent was last treated by each defen-
dant. Plaintiff appeals as of right from each judg-
ment, which appeals have been consolidated before
this Court.

According to plaintiff's complaint, decedent, Ira
A. Penner, prior to July 27, 1976, had been under
the care and treatment of Dr. Hillyer for chest
pains, headaches, shortness of breath, tiredness,
and high blood pressure. On July 27, 1976, while
at Seaway Hospital for purposes of admitting his
wife, decedent experienced pain in his chest neces-
sitating his hospitalization at Seaway Hospital. Ira
Penner was discharged from Seaway Hospital on
August 10, 1976. Dr. Hillyer indicated that he last
treated Penner on September 30, 1976. On behalf
of plaintiff, a letter from two doctors at the Uni-
versity of Michigan Hospital to Dr. Hillyer was
presented to show that Dr. Hillyer received a
report on Penner's condition as late as November

---

[1] The motion was made pursuant to GCR 1963, 116.1(5).

23, 1976. This lengthy letter reviewed the patient's history, physical examination, laboratory tests, x-rays, consultations, hospital course, the doctors' impression, and the decedent's discharge medications. The last paragraph of said letter thanked the doctor for the referral and indicated a receptiveness to assist Dr. Hillyer in the future. Ira Penner died May 26, 1978. Plaintiff alleges that Penner's death was the result of a failure to diagnose and treat a condition of severe and generalized arteriosclerotic cardiovascular disease.

The primary questions in this appeal are whether, in a wrongful death action alleging malpractice, the cause of action accrues on the last date of treatment or on the date of death, and whether the wrongful death claims herein based upon medical malpractice are governed by the two-year statute of limitations applicable to malpractice claims in general.

Malpractice claims are governed by a two-year statute of limitations. MCL 600.5805(4); MSA 27A.5805(4). The time of accrual of a malpractice action is also governed by statute:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless

of the time the plaintiff discovers or otherwise has knowledge of the claim.

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred." MCL 600.5838; MSA 27A.5838.

Plaintiff did not allege that discovery of the existence of the claim was delayed.

Wrongful death claims must be brought pursuant to MCL 600.2922; MSA 27A.2922, which provides in part:

"(1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall be brought only under this section."

The wrongful death statute does not specify a limitations period. However, the Supreme Court has held that the three-year statute of limitations

for injuries to persons or property is applicable to wrongful death actions. *Rhule v Armstrong,* 384 Mich 709, 714; 187 NW2d 223 (1971). In *Rhule,* the decedent died after a fall down a flight of stairs in the defendant's place of business. Subsequently, this Court has held the two-year statute of limitations for malpractice actions applicable to wrongful death actions based on malpractice. *Castle v Lockwood-MacDonald Hospital,* 40 Mich App 597, 608; 199 NW2d 252 (1972). Although *Castle* held that the claim accrued when the professional service was discontinued, *id.,* 608-609, that date was the same as the date of death. The decedent died after falling or jumping from the window of her hospital room. *Id.,* 598.

The Supreme Court has not discussed the question of accrual of wrongful death actions based on malpractice. With regard to other wrongful death actions, the Court has held that the statute of limitations begins to run at the time of the person's death. *Coury v General Motors Corp,* 376 Mich 248, 251; 137 NW2d 134 (1965). This is appropriate since the recovery in a wrongful death action may include compensation for the loss of society and companionship of the deceased, losses that occur at death. MCL 600.2922(2); MSA 27A.2922(2). In effect, death is not only a necessary element of the cause of action but also a necessary condition precedent to the representative's right to bring suit. *In re Olney's Estate,* 309 Mich 65, 75-78; 14 NW2d 574 (1944). See also, *Rhule, supra,* 715-716.

The opinion in *Castle, supra,* took no notice of the reasoning in *Olney's Estate, Coury* and *Rhule.* Subsequently, *Castle* was followed by this Court in *Olijnyk v Harrison Community Hospital, Inc,* 80 Mich App 366; 263 NW2d 33 (1977). In a per

curiam opinion, the *Olijnyk* panel applied the two-year malpractice limitations period but did not discuss the date of accrual.

This Court again followed *Castle* in *Weiss v Bigman,* 84 Mich App 487, 493; 270 NW2d 5 (1978). There, the majority applied the two-year limitation period and asserted that the "statute of limitations begins to run from the date of last treatment, or from the date when the asserted malpractice is or should have been discovered, whichever is later". Because a question of fact existed with regard to the date of discovery, the majority reversed the lower court's grant of accelerated judgment. Although the majority did not discuss *Coury, supra,* Judge CAVANAGH, in concurring, urged that *Coury* mandated that the accrual date be the date of death. *Weiss, supra,* 496.

In this case plaintiff had no right to bring suit for wrongful death until decedent's death on May 26, 1978. Had Ira Penner continued to live, the two-year period from the date of last treatment would have run out on August 10, 1978, with regard to the hospital, and on September 30 or November 23, 1978, with regard to Dr. Hillyer. In effect, plaintiff had between two and one-half and six months to file suit, assuming that the limitations statute had not been tolled pursuant to the six-month discovery rule of MCL 600.5838(2); MSA 27A.5838(2). The record does not reflect when plaintiff was appointed special administratrix of the decedent's estate and whether the effective time to file suit was shortened further by any delay. In any event, the facts of this case justify adherence to the reasoning in *Coury, Rhule,* and Judge CAVANAGH's concurring opinion in *Weiss.* The date of death must be considered as the date of accrual of a cause of action for wrongful death,

regardless of whether death is caused by general negligence or medical malpractice.

The use of the malpractice limitation period of two years appears firmly established by *Castle, supra,* and *Olijnyk, supra, inter alia.*

The action, under the facts herein, was timely filed since it was commenced within two years of decedent's death.

We now proceed to address the remaining contentions of the parties.

With regard to defendant Hillyer, Count I, paragraph 7(e) of plaintiff's complaint states as follows:

"(e) Failure to properly supervise the care and treatment given to your Plaintiff's Decedent by others under the control and supervision of the Defendant, JOHN W. HILLYER."

As to Seaway Hospital, Count II, paragraph 14 of plaintiff's complaint states as follows:

"14. That at the time Defendant, SEAWAY HOSPITAL, admitted Plaintiff's Decedent to its medical facility, an obligation arose on the part of the Defendant, SEAWAY HOSPITAL, to Plaintiff's Decedent to supervise the care and treatment which was going to be and was afforded to him and that the Defendant Hospital also had an obligation and duty to the Plaintiff's Decedent to require physicians who used their facilities to do so in conformity with the rules and regulations promulgated by the rules committee of the hospital; that additionally the Defendant Hospital had an obligation and duty to review the physicians who had staff privileges at the Hospital and to require those physicians to conduct themselves in a careful and prudent manner in conformity with the common law and the laws of the State of Michigan and the standards of the hospital community."

Count II additionally incorporates all the preceding allegations of Count I.

Although plaintiff asserts that these allegations are founded upon general negligence, rather than malpractice, no authority is cited in support of this proposition. Plaintiff sets forth no legal reasoning or argument whatsoever on this point but leaves this Court with a bare statement of position.

Every allegation in the complaint is directed toward issues of medical malpractice. Further, each allegation in the complaint requires expert medical testimony that the care rendered was a violation of the applicable standard of care. See *Burton v Smith,* 34 Mich App 270; 191 NW2d 77 (1971). The trial court in this case concluded that the complaint alleged medical malpractice, citing *Castle, supra.* We agree.

Plaintiff maintains that at least a portion of the complaint states a claim under the Michigan survival statute, MCL 600.5852; MSA 27A.5852, and, therefore, that this portion of the suit could be brought at any time within two years after the letters of administration were granted.

The statutory savings provision of MCL 600.5852; MSA 27A.5852 provides:

"If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by or against the executor or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within 2 years after letters testamentary or letters of administration are granted, although the period of limitations has run, subject to the limitations provided in section 20 of chapter 8 of Act No. 288 of the Public Acts of 1939, being section 708.20 of the Compiled Laws of 1948. But no executor or administrator shall bring an action under this provi-

sion unless he commences it within 3 years after the period of limitations has run."

Plaintiff contends that this provision made the action timely, since the decedent might have filed such an action himself.

Both counts of plaintiff's complaint allege causes of action for wrongful death. A wrongful death claimant additionally may seek recovery for the pain and suffering of the decedent. MCL 600.2922(2); MSA 27A.2922(2). Plaintiff's claim did just that. A reading of the complaint gives no indication that plaintiff intended to pursue independent claims that decedent might have filed prior to his death. Wrongful death claims are not within the statutory savings provision. Under similar facts in *Rhule, supra,* 715-716, the Supreme Court held:

"The wrongful death act action is an independent action which arises solely on the date of and because of the wrongfully injured person's death. It does not 'survive by law' the wrongfully injured person's death."

There is no merit to plaintiff's claim on this issue.

The issue as to whether Michigan's survival statute, MCL 600.5852; MSA 27A.5852, violates the constitutional guarantee of equal protection by creating an impermissible distinction in classification as between tort victims who die from superseding causes and those who die as the proximate result of the initial tort was not raised below and should not be considered preserved for appeal. This rule precluding appellate consideration applies even if the claim may be of merit and even if it is a constitutional question. *Oakland County v*

*Detroit,* 81 Mich App 308, 313; 265 NW2d 130 (1978), *lv den* 403 Mich 810 (1978).

Accelerated judgment is inappropriate where there are unresolved material issues of fact regarding the discovery date of alleged malpractice, *Weiss, supra,* 493-494. In this case, a dispute exists concerning the date of the last treatment by Dr. Hillyer. However, this factual dispute is not material to the issue of whether the statute of limitations had run on plaintiff's wrongful death action. Under the facts in this case, the action was brought in a timely fashion since it was commenced within two years of decedent's death.

The trial court's granting of accelerated judgments is reversed and the matters are remanded to the circuit court for trial.