GIRZ v ENDRESS

Docket No. 54331. Submitted May 10, 1982, at Lansing.—Decided
    July 13, 1982. Leave to appeal applied for.
Joan D. Girz, administratrix of the estate of William L. Girz,
    deceased, and Elizabeth A. Girz brought an action for damages
    against Zachary J. Endress, Jr., M.D., and William Beaumont
    Hospital, alleging that William Girz had committed suicide as a
    result of pain and mental anguish stemming from improper
    and inadequate treatment. The Oakland Circuit Court, Freder-
    ick C. Ziem, J., granted accelerated judgment in favor of the
    hospital, finding that the claim was barred by the medical
    malpractice statute of limitations. Plaintiffs appeal. *Held:*

    The plaintiffs' complaint sets forth an action for wrongful
    death grounded in medical malpractice. In such an action, the
    cause of action accrues at the time of death. The plaintiffs'
    action was commenced within two years of William Girz's
    death. Therefore, the action was timely and it is not necessary
    to reach the question of whether the two-year medical malprac-
    tice period of limitation or the three-year limitation period for
    other actions for injuries to persons or property is controlling.

    Reversed and remanded.

ACTIONS — WRONGFUL DEATH — MEDICAL MALPRACTICE.
    A cause of action for wrongful death which is grounded in
    medical malpractice accrues at the time of death.

*Perkins & Scott,* for plaintiffs.

*Sullivan, Ward & Bone, P.C.,* for defendant Wil-
liam Beaumont Hospital.

REFERENCES FOR POINTS IN HEADNOTE
22 Am Jur 2d, Death § 40.
61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 316, 318,
    319.
Statute of limitations applicable to malpractice action against
    physician, surgeon, dentist, or similar practitioner.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-HEE,* JJ.

PER CURIAM. Plaintiffs appeal as of right an order granting accelerated judgment in favor of defendant William Beaumont Hospital.

On October 5, 1979, plaintiffs filed a complaint against defendants Zachary J. Endress, Jr., M.D., and William Beaumont Hospital. According to plaintiffs' complaint, Dr. Endress first examined plaintiffs' decedent, William Girz, on April 27, 1976, and advised him that immediate surgery was necessary to repair a fracture of his left ankle. William Girz was admitted to Beaumont Hospital on April 27, 1976, and surgery was performed by Dr. Endress. Following the operation a cast was applied to William Girz's left leg and he was discharged from the hospital on May 1, 1976. However, a post-operative infection developed necessitating additional treatment and surgery. William Girz was last treated at Beaumont Hospital on April 18, 1977. On October 15, 1977, William Girz committed suicide, allegedly as a result of the excrutiating pain and mental anguish which resulted from defendants' improper and inadequate treatment. The complaint sought damages sustained by decedent's estate; damages for plaintiff wife's loss of her husband's services; and damages for plaintiff daughter's loss of her father's support, care, and counsel.

Beaumont Hospital moved for accelerated judgment alleging that plaintiffs' claim was barred by the medical malpractice statute of limitations, MCL 600.5805(4); MSA 27A.5805(4) and MCL 600.5838; MSA 27A.5838. Alternatively, Beaumont Hospital argued that the circuit court lacked sub-

* Circuit judge, sitting on the Court of Appeals by assignment.

ject matter jurisdiction over the claim because William Girz had signed a medical malpractice arbitration agreement at the date of his last treatment in the hospital. On August 6, 1980, the trial court orally granted a motion for accelerated judgment on the basis that plaintiffs' claim was barred by the statute of limitations. A written order was entered on October 3, 1980.

On appeal, plaintiffs argue that the trial court erred in granting accelerated judgment on the basis that their claim was barred by the statute of limitations. We agree.

At the outset, contrary to Beaumont Hospital's arguments, we find that plaintiffs' complaint, as against Beaumont Hospital, sets forth an action for wrongful death grounded in medical malpractice. Thus, we must determine whether, in a wrongful death action complaining of medical malpractice, the cause of action accrues on the last date of treatment or on the date of death. Resolution of this issue has divided this Court.

In *Hawkins v Regional Medical Laboratories, PC,* 111 Mich App 651; 314 NW2d 450 (1979), a panel of this Court held that in a wrongful death action claiming malpractice, the cause of action accrues as provided by the statutory provision relating to the commencement of actions for medical malpractice. Therefore, under *Hawkins* the statute of limitations begins to run from the date of last treatment, or from the date when the asserted malpractice is or should have been discovered, whichever is later, rather than at the time of death. See also *Weiss v Bigman,* 84 Mich App 487; 270 NW2d 5 (1978).

Other panels addressing this issue have reached a different result.

Thus, in *Palmertree v Genesee Memorial Hospi-*

*tal,* 102 Mich App 683; 302 NW2d 279 (1981), after examining the nature of a wrongful death action the Court concluded:

"Given the identity of the persons who may recover in a wrongful death suit and the nature of the damages which are assessed therein, it is generally held that a wrongful death cause of action does not accrue until the death occurs. *Coury v General Motors Corp,* 376 Mich 248, 251; 137 NW2d 134 (1965). Likewise, in wrongful death cases which are gounded on medical malpractice, regardless of when the malpractice cause of action accrues, the wrongful death plaintiff's cause of action could not accrue until death occurred. See, *e.g., Weiss v Bigman,* 84 Mich App 487, 496; 270 NW2d 5 (1978), *lv den* 405 Mich 820 (1979) (CAVANAGH, J., *concurring separately).* Were it otherwise, the personal representative of the decedent (by whom the suit must be brought) would have to be prescient, or the suit would be barred in cases where the limitation period runs before death occurs." *Id.,* 687-688.

Also concluding that a wrongful death action grounded in malpractice accrues at the time of death is *Penner v Seaway Hospital,* 102 Mich App 697; 302 NW2d 285 (1981). Additionally, *Penner,* 704, also held that for wrongful death actions grounded in malpractice the limitation period is two years rather than the three-year limitation period applicable for all other actions to recover for injuries to persons and property.

We believe that *Palmertree* and *Penner* reached the correct result in holding that a wrongful death action grounded in medical malpractice accrues at the time of death.

As the instant action was commenced within two years of the date of plaintiffs' decedent's death, the action is not barred by the statute of limitations. Furthermore, since the instant action

was filed within two years of the date of death we do not reach the question whether the two-year medical malpractice limitation period or the three-year limitation period for all other actions to recover for injuries to persons and property is controlling. Under either period plaintiffs' claim would not be barred.[1]

Since our review of the record indicates that the trial court did not base the motion for accelerated judgment on the validity of the medical malpractice arbitration agreement signed by William Girz, the issue of the validity of that agreement is not now before this Court and will not be addressed.

Reversed and remanded. Costs to plaintiffs.

---

[1] We note that on appeal plaintiffs argue that their action, or at least that part of their action alleging pain and suffering of the decedent, could be brought, under MCL 600.5852; MSA 27A.5852, within two years after the letters of administration were granted. Because plaintiffs' action is one for wrongful death grounded in malpractice, this contention is without merit. *Penner v Seaway Hospital,* 102 Mich App 697, 705-707; 302 NW2d 285 (1981).